UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| AUGUSTIN GARCIA | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-1250 (PGS)(DEA) |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| CORRECTIONAL MEDICAL SERVICE, INC., *et al.*, | : | |
| Defendants. | : | |

ARPERT, Magistrate Judge

    This matter comes before the Court on three Motions by Plaintiff: (1) a Motion for an extension of time to effect service of process on the remaining unserved Defendants [Dkt. No. 33]; (2) a Motion for the issuance of new Summonses [Dkt. No. 34]; and (3) a Motion to compel discovery from Defendants Despina Terris and Saint Francis Medical Center [Dkt. No. 36]. Defendant Despina Terris opposes Plaintiff's Motion to compel discovery [Dkt. No. 43]. The remaining two Motions are unopposed. For the reasons set forth below, Plaintiff's Motion for an extension of time to effectuate service of process [Dkt. No. 33] is **GRANTED** in part and **DENIED** in part, Plaintiff's Motion for the issuance of new Summonses [Dkt. No. 34] is **GRANTED** in part and **DENIED** in part, and Plaintiff's Motion to compel discovery from Defendants Despina Terris and Saint Francis Medical Center [Dkt. No. 36] is **DENIED**.

    *Pro se* Plaintiff Augustin Garcia's Complaint was filed on January 30, 2014 and asserts claims pursuant to 28 U.S.C. § 1983 against Defendants Correctional Medical Service ("CMS"), Ralph Woodward, M.D., Abu Ahsan, M.D., Dr. Nuggen, M.D., Despina Terris, M.D., Saint

1

Francis Medical Center ("SFMC"), Charles Warren, Jr., New Jersey State Prison ("NJSP"), Gary Lanigan, New Jersey Department of Correction ("NJDOC"), New Jersey Department of Public Safety and Correctional Services ("NJDPS"), and John and Jane Does Nos. 1-30.[1] As relevant to the present Motions, Plaintiff alleges that while incarcerated he was diagnosed with prostate cancer. According to Plaintiff, during the subsequent treatment for his prostate cancer and complications arising therefrom, Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

**I. Motion for Extension of Time to Serve Defendants [Dkt. No. 33]**

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

In deciding whether to grant a Motion to extend time for service:

> "[f]irst, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."

*Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995). The Third Circuit equates "good cause" under Rule 4(m) with "the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified

---

[1] Plaintiff's Complaint was first received by the Court on February 25, 2013, along with Plaintiff's application to proceed *in forma pauperis*. *See* Dkt. No. 1. On January 30, 2014, the Court granted Plaintiff's application to proceed *in forma pauperis* and directed the Clerk to file Plaintiff's Complaint. *See* Dkt. No. 4.

in the rules.'" *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir.1995) (quoting *Petrucelli,* 46 F.3d at 1312), *cert. denied,* 519 U.S. 815 (1996). The Court may consider such factors as the "(1) reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve." *Okagbue–Ojekwe v. Fed. Bureau of Prisons*, 2010 WL 3947528, at *2 (D.N.J. Oct. 7, 2010) (quoting *MCI Telecomm. Corp.,* 71 F.3d at 1097).

Plaintiff's Complaint was filed on January 30, 2014. *See* Dkt. No. 4. Plaintiff filed the present Motion on December 8, 2014, seeking a 90 extension to serve Defendants Charles Warren, Jr., NJDPS, NJSP, CMS, Despina Terris, M.D., Dr. Nuggen, M.D., and Ralph Woodward, M.D.[2]

The only basis provided by Plaintiff for his failure to serve Defendants is that "the prison mail system it too unreliable thus the correspondence between the Marshals Services and I take longer than it should." Dkt. No. 33, Augustin Decl. at p. 2. Although the Court is mindful of the challenges faced by Plaintiff in litigating his case *pro se* while incarcerated, Plaintiff's *pro se* status does not excuse his failure to comply with Rule 4. *See Veal v. United States*, 84 F. Appx. 253, 256 (3d Cir. 2004). Plaintiff's time to serve Defendants expired on May 30, 2014, and Plaintiff did not make the present request for an extension until December 8, 2014. While Plaintiff may experience a delay in his communication with the U.S. Marshall's Service, such a delay does not justify the passage of several months between Plaintiff's single failed attempt at service for each of the Defendants and Plaintiff's present request for an extension.

---

[2] Plaintiff attempted to serve Defendant Warren on April 21, 2014, and the Summons was returned unexecuted [Dkt. No. 8], Defendant NJDPS on April 21, 2014, and the Summons was returned unexecuted [Dkt. No. 11], Defendant NJSP on June 2, 2014, and the Summons was returned unexecuted [Dkt. No. 13], Defendant CMS on June 2, 2014, and the Summons was returned unexecuted [Dkt. No. 14], Defendant Terris on June 2, 2014, and the Summons was returned unexecuted [Dkt. No. 16], Defendant Nuggen on June 2, 2014, and the Summons was returned unexecuted [Dkt. No. 17], and Defendant Woodward on June 16, 2014, and the Summons was returned unexecuted [Dkt. No. 18].

It also appears from the documentation submitted by Plaintiff that he is experiencing difficulty in obtaining the proper addresses for service. Dkt. No. 33, Exhibit A at p. 23-29. While Rule 4(c)(3) requires that the Court effect service of the summons and complaint for a plaintiff who is proceeding *in forma pauperis,* the plaintiff must provide sufficient information for the Court to do so. *See Maltezos v. Giannakouros,* 522 Fed. Appx. 106, 108 (3d Cir. 2013) (citing *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir.1993)). Although the Court is mindful that Plaintiff is proceeding *pro se,* he is still responsible for providing the necessary information to effect service, and Plaintiff's failure to obtain the proper addresses to serve the Defendants does not constitute good cause.

Notwithstanding the lack of good cause, the Court, in its discretion, will grant Plaintiff an extension of time to serve process. However, the Court will limit Plaintiff's extension to 60 days, rather than the 90 days requested by Plaintiff. Plaintiff's Motion is unopposed and none of the unserved Defendants have moved for the dismissal of Plaintiff's Complaint based on his failure to effect service of process. Accordingly, because the Court finds that Defendants will not be prejudiced by an extension of Plaintiff's time to serve, the Court exercises its discretion and Plaintiff's Motion for an extension of time to serve Defendants is GRANTED in part and DENIED in part.

**II. Motion for the Issuance of New Summonses [Dkt. No. 34]**

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court must order "that service be made by a United States marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Accordingly, upon granting Plaintiff's application to proceed *in forma pauperis* on January 30, 2014, the Court directed the Clerk to issue Summonses and instructed the U.S. Marshal's Service to serve the summonses and Complaint. *See* Dkt. No. 4. The

Summonses issued for Defendants Charles Warren, Jr., NJDPS, NJSP, CMS, Despina Terris, M.D., Dr. Nuggen, M.D., and Ralph Woodward, M.D. were returned unexecuted. On December 8, 2014, Plaintiff filed the present Motion seeking the issuance of new Summonses for Defendants CMS, Warren, Nugent, NJDPS and NJSP.

On December 22, 2014, the Court granted the Motion to Dismiss filed by Defendants NJSP, NJDPS and NJDOC, thereby removing NJSP and NJDPS as parties to this action. *See* Dkt. No. 38. Accordingly, Plaintiff's request for the issuance of new Summonses is DENIED as to Defendants NJSP and NJDPS and GRANTED as to Defendants CMS, Warren and Nugent.

**III. Motion to Compel Discovery [Dkt. No. 36]**

Plaintiff seeks to compel responses to his Interrogatories from Defendants Despina Terris and SFMC. Pursuant to Federal Rule of Civil Procedure 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

According to Plaintiff, On February 21, 2014 and October 2, 2014, he served Defendants Terris and SFMC with Interrogatories and requests for production of documents. Plaintiff claims that through correspondence dated October 25, 2014, Defendant Terris requested that Plaintiff limit his Interrogatories from 46 to 25. Plaintiff asserts that on October 30, 2014, Plaintiff mailed his modified 25 Interrogatories to Defendants, which were labeled "Plaintiff's Third Set of Interrogatories" (the "Third Set of Interrogatories").[3] On December 22, 2014, after Plaintiff filed the present Motion to compel, the Court granted SFMC's Motion for Summary Judgment [Dkt. No. 38]. Accordingly, SFMC is no longer a party to this action. The Court's December 22, 2014 Order also granted Despina Terris' Motion for Summary Judgment as it related to Plaintiff's

---

[3] Plaintiff's "Third Set of Interrogatories" were attached by Plaintiff to his Certification in opposition to SFMC's Motion for Summary Judgment as "Attachment D" [Dkt. No. 29].

5

medical malpractice claim and denied the Motion as it related to Plaintiff's Eighth Amendment Claim.

On January 8, 2015, the Court received a letter from Defendant Terris requesting that the Court limit Plaintiff's Interrogatories from 46 to 25. Attached to Defendant's letter are 46 Interrogatories, dated October 2, 2014, and labeled "Plaintiff's Second Set of Interrogatories". The Court is unclear whether Despina Terris was ever served with the Third Set of Interrogatories and notes that the Third Set of Interrogatories are addressed to counsel for SFMC. *See* Dkt. No. 29, "Attachment D". Although the modified Interrogatories were addressed to counsel for SFMC, Plaintiff's Motion to compel indicates that the Interrogatories were produced and modified from 46 to 25 in response to correspondence with Despina Terris' counsel. *See* Dkt. No. 36 at p. 5. Accordingly, because Plaintiff has already limited his Interrogatories from 46 to 25, Defendant Terris' request that the Court limit Plaintiff's Interrogatories is moot. However, because it is unclear to the Court whether Plaintiff served the Third Set of Interrogatories on Despina Terris, the Court will not issue an Order compelling discovery under Federal Rule of Civil Procedure 37. Instead, the Court directs Defendant Despina Terris to respond to Plaintiff's Third Set of Interrogatories pursuant to the requirements of Federal Rule of Civil Procedure 33.

Based on the foregoing, Plaintiff's Motion to compel discovery from SFMC and Despina Terris is DENIED and Defendant Despina Terris' application to the Court to limit Plaintiff's Interrogatories from 46 to 25 is DENIED as moot. Plaintiff's Motion to compel discovery from SFMC is denied because St. Francis is no longer a party to this action and Plaintiff's Motion to compel discovery from Despina Terris is DENIED because it is unclear whether Defendant Terris was ever served with the Third Set of Interrogatories. However, Defendant Terris is

directed to respond to Plaintiff's Third Set of Interrogatories within 30 days of the entry of this Order in accordance with Federal Rule of Civil Procedure 33.

### IV. Conclusion and Order

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 29th day of January, 2015,

**ORDERED** that Plaintiff's Motion for an extension of time to effect service of process [Dkt. No. 33] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff must serve the remaining unserved Defendants within sixty (60) days of the entry of this Order; and it is further

**ORDERED** that Plaintiff's Motion for the issuance of new Summonses [Dkt. No. 34] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's Motion for the issuance of new Summonses for Defendants New Jersey State Prison and New Jersey Department of Public Safety and Correctional Services is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for the issuance of new Summonses for Defendants Correctional Medical Service, Inc., Charles Warren, Jr. and Dr. Nuggen, M.D. is **GRANTED**; and it is further

**ORDERED** that the Clerk shall issue new Summonses for Correctional Medical Service, Inc., Charles Warren, Jr. and Dr. Nuggen, M.D.; and it is further

**ORDERED** that Plaintiff's Motion to compel discovery from Defendants Despina Terris and Saint Francis Medical Center [Dkt. No. 36] is **DENIED**; and it is further

**ORDERED** that Defendant Despina Terris shall respond to Plaintiff's Third Set of Interrogatories within thirty (30) days from the entry of this Order in accordance with Federal Rule of Civil Procedure 33.[4]

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge

---

[4] Although it is unclear whether Plaintiff ever served Despina Terris with the Third Set of Interrogatories, in the interests of judicial economy, Plaintiff is not required to serve or re-serve the Interrogatories. Defendant Despina Terris is directed to answer the Third Set of Interrogatories attached by Plaintiff to his Certification in opposition to SFMC's Motion for Summary Judgment as "Attachment D" [Dkt. No. 29].