IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICE, et al.,<br><br>Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 13-1250 (AET-DEA)<br><br>**OPINION** |

APPEARANCES:

AGUSTIN GARCIA, Plaintiff Pro Se
822642B/428336
New Jersey State Prison
P.O. BOX 861
Trenton, New Jersey 08625

THOMAS B. LEYHANE, ESQ.
HOAGLAND LONGO MORAN, DUNST & DOUKAS, LLP.
40 Paterson Street, P.O. Box 480
New Brunswick, New Jersey 08901
Attorney for Defendant Despina Terris, M.D.

ROSHAN D. SHAH, ESQ.
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for Defendants Charles Warren and Gary Lanigan

RECEIVED

JAN 04 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Agustin Garcia's ("Plaintiff") Motion to Amend the Complaint. (Docket Entry 73). Defendants Despina Terris, Gary Lanigan, and Charles Warren oppose the motion. (Docket Entries 74 and 76). Plaintiff submitted a response to the opposition. (Docket Entry 77). This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the motion is denied. The Court will *sua sponte* appoint counsel.

## II. BACKGROUND

On February 25, 2013, Plaintiff filed this civil rights action against Defendants Correctional Medical Service ("CMS"); Ralph Woodward, M.D.; Abu Ahsan, M.D.; Dr. Nuggen, M.D.; Despina Terris, M.D.; Saint Francis Medical Center ("Saint Francis"); Charles Warren, Jr.; New Jersey State Prison ("NJSP"); Gary Lanigan; New Jersey Department of Correction ("DOC"); New Jersey Department of Public Safety and Correctional Services ("DPS"); and John and Jane Does Nos. 1-30. (Docket Entry 1).

The complaint alleged that beginning in February 2002, Plaintiff repeatedly complained about symptoms such as testicular pain and lack of energy. NJSP medical staff, however, waited over ten years before ordering a consultation with an urologist. (Docket Entry 1 ¶ 20). Plaintiff alleges that the

2

urology consult lead to a prostate biopsy which revealed the "presence of prostate cancer at the Gleason level 6." (Docket Entry 1 ¶ 20). According to an oncologist, a course of forty-four radiation sessions was required to treat the cancer. (Docket Entry 1 ¶ 20). Plaintiff alleges that his cancer could have been treated less aggressively had NJSP more quickly referred him to the urologist. (Docket Entry 1 ¶ 20). Plaintiff was later diagnosed with "(1) E. coli sepsis status post prostate biopsy; (2) Cholelithiasis and cholecystitis; (3) Hyponatremia; (4) Normocitic anemia; and (5) Protastic adenocarcinoma, Gleason Score 6 out of 100." (Docket Entry 1 ¶ 25). Plaintiff received treatment at Saint Francis for blood contamination until December 23, and was thereafter transferred to the NJSP infirmary for two weeks of antibiotic treatment. (Docket Entry 1 ¶ 26). On February 9, 2012, he returned to Saint Francis for gall bladder removal due to inflammation caused by the biopsy. (Docket Entry 1 ¶ 26).

Approximately a month later, Plaintiff was brought to Saint Francis where he was informed that he would be able to obtain a second opinion regarding his prostate diagnosis. (Docket Entry 1 ¶ 29). Instead, Dr. Nuggen performed prostate marking in preparation for radiation therapy. (Docket Entry 1 ¶ 29). Plaintiff states he never received his requested second opinion.

On March 21, 2012, Plaintiff submitted a "tort notification" to the New Jersey Department of Treasury regarding the "biopsy blood contamination issue." (Docket Entry 1 ¶ 30). Plaintiff's radiation therapy began under Dr. Terris' supervision; however, it was suddenly discontinued for months after the submission of the tort notification. (Docket Entry 1 ¶ 30). When he did receive radiation, he only received "60 minutes of defective continued therapy in place of prescribed 15 minutes session." (Docket Entry 1 ¶ 30). "Consequently, radiation failed to accomplish its objective of eradicating all cancer cells." (Docket Entry 1 ¶ 30). This complaint followed.

Pursuant to 28 U.S.C. § 1915, the Honorable Peter G. Sheridan, D.N.J., dismissed all of Plaintiff's Eighth Amendment claims against the DOC, DPS, NJSP, CMS, Woodward, Ahsan, Warren, Lanigan, and Saint Francis. *Garcia v. Corr. Med. Serv.*, No. 13-1250, 2014 WL 346625, at *3-4 & n.2 (D.N.J. Jan. 30, 2014). The Eighth Amendment claims against Dr. Terris and Jane Does 1 and 4 were permitted to proceed. *Id.* at *4. Judge Sheridan also dismissed Plaintiff's conspiracy, breach of contract, intentional infliction of emotional distress, and unspecified "constitutional" and "tort" claims against all defendants. *Id.* at *5-7. Plaintiff's state medical malpractice claims were permitted to proceed against all defendants. *Id.* at *6.

The DOC, DPS, and NJSP moved to dismiss the complaint for lack of jurisdiction on October 2, 2014, arguing that Plaintiff's medical malpractice claim, the only claim against them that survived screening under § 1915, was barred under the Eleventh Amendment. (Docket Entry 25). Shortly thereafter, Saint Francis and Dr. Terris moved for summary judgment on the medical malpractice claim as Plaintiff had failed to serve an affidavit of merit as required under New Jersey law. (Docket Entries 27 and 28). Saint Francis additionally argued that Plaintiff had failed to state a valid claim against it under § 1983. (Docket Entry 27-1 at 4-5). Dr. Terris also argued she was not a state actor within the meaning of § 1983. (Docket Entry 28-1 at 19-22). Plaintiff opposed the motions, arguing that he was unable to obtain an affidavit of merit as the defendants had failed to answer his interrogatories. (Docket Entries 29 and 30). Plaintiff thereafter filed motions for an extension of time to serve certain defendants and for the issuance of new summonses. (Docket Entries 33 and 34).

Judge Sheridan held telephonic oral argument on the pending motions on December 17, 2014. (Docket Entry 39). He granted Saint Francis' motion for summary judgment in its entirety, terminating the hospital from the case. (Docket Entry 38). He also granted Dr. Terris' motion for summary judgment on the medical malpractice claims, but denied summary judgment on the

Eighth Amendment claim. (Docket Entry 38). On December 23, 2014, he granted the DOC's, DPS' and NJSP's motion to dismiss for lack of jurisdiction. (Docket Entry 38). Plaintiff filed a motion for reconsideration on December 31, 2014, arguing the court had overlooked the responsive papers he filed in opposition to the motions. (Docket Entries 40 and 41).[1]

On January 29, 2015, Magistrate Judge Douglas Arpert granted in part Plaintiff's motion for an extension of time to serve certain defendants. (Docket Entry 48). He granted Plaintiff's motion for new summonses as to Defendants CMS, Warren, and Nugent, but denied the motion as to Defendants NJSP, DPS, and DOC. (Docket Entry 48). Plaintiff's motion to compel discovery was denied, but Magistrate Arpert ordered Dr. Terris to answer the third set of interrogatories within thirty days. (Docket Entry 48).

Judge Sheridan conducted oral argument via telephone on February 25, 2015, regarding the motion for reconsideration. (Docket Entry 58). He granted reconsideration on the medical malpractice claims against Dr. Terris, and denied reconsideration as to the other claims and defendants. (Docket Entry 59). Plaintiff was ordered to provide an affidavit of

---

[1] The Court notes that these "responsive papers" do not appear on the docket prior to Judge Sheridan's order. They first appear as an exhibit to the motion for reconsideration. (Docket Entry 41-1).

6

merit on the medical malpractice claims within sixty (60) days. (Docket Entry 59).

On March 9, 2015, CMS filed a motion to dismiss the complaint for failure to state a claim. CMS asserted that as its contract to provide medical services for the DOC ended on September 30, 2008, it cannot have been responsible for Plaintiff's medical care in 2011. (Docket Entry 61). Plaintiff filed a motion for service on Dr. Ashan, motion for waiver of the affidavit of merit requirement, and renewed his motion for the appointment of counsel. (Docket Entry 63). Defendants Warren and Lanigan filed a motion for summary judgment on March 19, 2015, on the only remaining claim against them, medical malpractice. (Docket Entry 67). On April 28, 2015, Dr. Terris filed a motion for summary judgment as Plaintiff had not submitted the affidavit of merit as required by Judge Sheridan's February 25, 2015 order. (Docket Entry 70).

On June 1, 2015, Plaintiff filed the instant motion for leave to amend his complaint. (Docket Entry 73). He states that he has ascertained the identities of some of the Jane Doe defendants: Donique Ivory, Patricia Wood, Nurse Lance, Paula Azara, Diane Krause, and Tracy McLaughlin. (Docket Entry 73 at 2). He further indicated that the original complaint had omitted people with direct participation in the facts underlying the complaint: Joseph Michelli, University Correctional Healthcare,

7

University of Medicine & Dentistry of New Jersey, the New Jersey Office of the Attorney General, and Stephen D'Lio. (Docket Entry 73 at 2). Plaintiff also added a state law claim arguing that the Defendants' failure to obtain informed consent before engaging in prostate marking and radiation therapy, as well as denying Plaintiff the opportunity to obtain a second opinion, constituted common law battery. (Docket Entry 73-1 at 24-25).

Dr. Terris, Lanigan, and Warren filed opposition to the motion. They argue the proposed amended complaint is futile as it reasserts claims and rejoins parties that were dismissed by Judge Sheridan without providing any additional facts that would justify their reinstatement. (Docket Entries 74 and 76). They also argue that Plaintiff's motion was filed in bad faith in order to reset the litigation to its starting point and evade the affidavit of merit requirement.

On August 20, 2015, Judge Sheridan recused himself from the proceedings, and the matter was reassigned to this Court. (Docket Entry 86). For case management purposes, this Court dismissed the motions for summary judgment and to dismiss the complaint pending the resolution of Plaintiff's motion to amend. (Docket Entry 87).

## III. DISCUSSION

### A. Motion to Amend

Plaintiff seeks leave to amend his complaint to add new parties and a new claim of "Medical Mal-practice and Assault and Battery." (Docket Entry 73-1 at 24). Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Pro. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). As more than twenty-one days have elapsed since the first responsive pleading was filed and Defendants do not consent, Plaintiff may only amend his complaint with leave of court.

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Ibid.* The Court applies the same standard of legal sufficiency as applies

9

under Rule 12(b)(6). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Ibid.*

The Court finds that granting the motion to amend the complaint would be futile. The proposed amended complaint seeks to add parties that are immune from suit, *e.g.,* the New Jersey Office of the Attorney General. Plaintiff may not seek relief from the OAG under § 1983 or state tort law as he is barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Rabbitt v. Weinberg*, No. A-3697-13, 2015 WL 8547436, at *7-8 (N.J. Super. Ct. App. Div. Dec. 14, 2015) (unpublished) (noting the OAG is not a "person" within the meaning of § 1983 or the New Jersey Civil Rights Act). Thus, the Court would have to dismiss the claims against the OAG.

In addition to the fact that at least one of the proposed defendants is immune to suit, Plaintiff's proposed amended complaint fails to state a claim against the proposed defendants. Plaintiff has merely inserted the new names into the claims portion of his complaint without providing facts that support his allegations against them and justify a reasonable inference that his claims against them are meritorious.[2] *See Fair*

---

[2] Some of the claims to which the new defendants were added were dismissed by Judge Sheridan for failure to state a claim. The

*Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) ("'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). It would not be in the interests of justice to force these new parties to join the proceedings and restart the litigation at this late stage without stronger grounds for their inclusion.

Moreover, amendment of the complaint would be futile as the proposed amended complaint incorporates claims and defendants that have already been dismissed by Judge Sheridan's opinion and order dated January 27, 2014. (Docket Entries 3 and 4). Specifically, Judge Sheridan dismissed Plaintiff's Eighth Amendment claims against the New Jersey Department of Corrections, New Jersey Department of Safety, and New Jersey State Prison as they are not "persons" within the meaning of § 1983; the Eighth Amendment claims against Woodward, Ashan, Warren, and Lanigan as they were premised on an impermissible respondeat superior basis of liability; the Eighth Amendment claims again CMS and St. Francis; the conspiracy claim; the breach of contract claim; and the unidentified "state

---

addition of new parties to factually-deficient claims does not warrant amendment of the complaint.

constitutional," "federal constitutional tort," and "state constitutional tort" claims. (*See generally* Docket Entries 3 and 4). Plaintiff's proposed amended complaint contains all of these parties and claims but does not correct any of the deficiencies noted by Judge Sheridan.

Permitting the proposed amended complaint to go forward as submitted would reinstate all of the claims and defendants that have already been dismissed. Those defendants would have to rejoin this matter and once again move for dismissal. As the amended complaint provides no new facts that would permit their reinstatement, this Court would be required to grant those motions. As these claims would once again be vulnerable to a motion to dismiss, their amendment is futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). It is not in the interests of justice to start this litigation over again when the overwhelming majority of the proposed amended complaint would be dismissed under Rule 12(b)(1) or (6). Plaintiff's motion to amend his complaint is denied.

### B. Appointment of Counsel

At this juncture, the Court will *sua sponte* reconsider Plaintiff's application for pro bono counsel. For the reasons stated below, the Court will grant Plaintiff's application for counsel.

Appointment of counsel is a privilege, not a statutory or constitutional right, *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). After reviewing the relevant factors, the Court finds that the appointment of pro bono counsel is warranted in this matter due to the complexity of the medical and legal issues and the need for factual investigation and expert testimony. The selected appointed attorney from the Civil Pro Bono Panel shall enter a notice of appearance within **ten (10) days** of the date of his appointment.

## IV. CONCLUSION

For the reasons stated above, the motion to amend the complaint is denied. The Court will *sua sponte* appoint counsel. An accompanying Order will be entered.

12-29-15
Date

ANNE E. THOMPSON
U.S. District Judge