RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DEC 20 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

AGUSTIN GARCIA,

          Plaintiff,

   v.

CORRECTIONAL MEDICAL
SERVICE, INC.; RALPH WOODWARD,
M.D., individually and in his
official capacity; ABU AHSAN,
M.D., individually and in his
official capacity; DR. NUGGEN,
M.D. Urologist, individually
and in her official capacity;
DESPINA TERRIS, M.D.,
Oncologist, individually and
in her official capacity;
SAINT FRANCIS MEDICIAL CENTER;
CHARLES WARREN, JR., N.J.S.P.
ADMINISTRATOR, individually
and in his official capacity;
NEW JERSEY STATE PRISON; GARY
LANIGAN, N.J.D.O.C.
COMMISSIONER; NEW JERSEY
DEPARTMENT OF CORRECTION; NEW
JERSEY DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONAL
SERVICES; JOHN AND JANE DOES
1-30, individually and in
their official capacities,

          Defendants.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 13-1250 (AET-DEA)

**OPINION**

APPEARANCES:

MARK SALAH MORGAN, ESQ.
KEVIN J. DUFFY, ESQ.
DAY PITNEY LLP
One Jefferson Road
Parsippany, New Jersey 07054-2891
        Attorneys for Plaintiff Agustin Garcia

STEVEN E. SIEGRIST, ESQ.
O'CONNOR KIMBALL LLP
51 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
        Attorneys for Defendant Correctional Medical Service, Inc.

SHELBY L. FALCO, ESQ.
ORLOVSKY, MOODY, SCHAAFFF, CONLON & GABRYSIAK
Monmouth Park Corporate Center
187 Highway 36, Suite 110
West Long Branch, New Jersey 07764
        Attorneys for Defendant Abu Ahsan, M.D.

SUSAN K. O'CONNOR, ESQ.
LESLIE S. PARK, ESQ.
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP.
40 Paterson Street, P.O. Box 480
New Brunswick, New Jersey 08903
        Attorneys for Defendant Despina Terris, M.D.

ROBERT LOUGY, ACTING ATTORNEY GENERAL
GREGORY R. BUENO, DAG
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625-0112
        Attorneys for Defendants Charles Warren, Gary Lanigan, New
Jersey Department of Corrections, and New Jersey State Prison

**THOMPSON, District Judge:**

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Agustin Garcia's ("Plaintiff") Second Motion to Amend the Complaint, Docket Entry 113. Defendants Correctional Medical Services ("CMS"), Abu Ahsan, Despina Terris, Gary Lanigan, Charles Warren, the New Jersey Department of Corrections ("DOC"), and New Jersey State Prison ("NJSP")[1] oppose the motion. CMS Opposition, Docket Entry 120; Ahsan Opposition, Docket Entry 121; Terris Opposition, Docket Entry 122; State Opposition, Docket Entry 123. Plaintiff submitted a response to the opposition, Docket Entry 125. This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the motion is granted. Plaintiff shall have 7 days to file an amended complaint in conformance with this Opinion and Order.

## II.   BACKGROUND

On February 25, 2013, Plaintiff filed a civil rights action against Defendants CMS, Ralph Woodward, M.D., Dr. Ahsan, Dr. Nugent, Dr. Terris; Saint Francis Medical Center ("Saint Francis"), the State Defendants, the New Jersey Department of

---

[1] Defendants Lanigan, Warren, the DOC, and NJSP shall be collectively referred to as the "State Defendants."

Public Safety and Correctional Services ("DPS"), and John and Jane Does Nos. 1-30. Complaint, Docket Entry 1.

Plaintiff alleged he had been experiencing testicular pain and fatigue since February 2002, but in spite of his frequent requests he was not evaluated by an urologist until July 2011. *Id.* ¶ 20. Consequentially, Plaintiff's "Gleason level 6" prostate cancer remained undiagnosed until a biopsy was conducted in 2011. *Id.* Plaintiff alleged a course of forty-four radiation sessions was required to treat the cancer due to its advanced stage and that a less aggressive course of treatment could have been utilized had NJSP referred him to the urologist in a timely manner. *Id.* He states that Saint Francis and NJSP medical personnel did not supply him with any medication after the biopsy and that various infections resulted from their neglect. *Id.* ¶¶ 21, 25. The complaint further alleged Plaintiff was denied the opportunity to seek a second opinion regarding his prostate diagnosis before Dr. Nugent performed prostate marking in preparation for radiation therapy. *Id.* ¶ 29.

Plaintiff submitted a notice of tort claim, after which Plaintiff's radiation therapy, supervised by Dr. Terris, was suddenly discontinued for months. *Id.* ¶ 30. When he did receive radiation, he only received "60 minutes of defective continued therapy in place of prescribed 15 minutes session." *Id.*

4

"Consequently, radiation failed to accomplish its objective of eradicating all cancer cells." *Id.* This complaint followed.

Pursuant to 28 U.S.C. § 1915, the Honorable Peter G. Sheridan, D.N.J., dismissed without prejudice all of Plaintiff's Eighth Amendment claims against the DOC, DPS, NJSP, CMS, Woodward, Ahsan, Warren, Lanigan, and Saint Francis. *Garcia v. Corr. Med. Serv.*, No. 13-1250, 2014 WL 346625, at *3-4 & n.2 (D.N.J. Jan. 30, 2014). The Eighth Amendment claims against Dr. Terris and Jane Does 1 and 4 were permitted to proceed. *Id.* at *4. Plaintiff's state medical malpractice claims were permitted to proceed against all defendants, but Judge Sheridan dismissed the remainder of Plaintiff's claims. *Id.* at *5-7.

Defendants filed motions to dismiss and for summary judgment on the grounds that Plaintiff had failed to state a valid claim against under § 1983 and had failed to serve an affidavit of merit as required for malpractice actions under New Jersey law. After oral argument, Judge Sheridan granted Saint Francis' motion for summary judgment on the medical malpractice claim, Dr. Terris' motion for summary judgment on the medical malpractice claims, and the DOC's, DPS' and NJSP's motion to dismiss for lack of jurisdiction. December 17, 2014 Minute Entry Docket Entry 39. Plaintiff moved for reconsideration, and Judge Sheridan reinstated the medical malpractice claims against Dr. Terris.

Further motions for dismissal and for summary judgment were filed by Defendants in March and April 2015 as Plaintiff still had not submitted the affidavit of merit. Plaintiff filed a motion to amend his complaint on June 1, 2015 stating that he had been able to ascertain the identities of some of the Jane Doe defendants: Donique Ivery, Patricia Wood, Nurse Lance, Paula Azara, Diane Krause, and Tracy McLaughlin. First Motion to Amend, Docket Entry 73 at 2. Defendants opposed the motion. The matter was transferred to this Court on August 20, 2015. The Court denied the motion on December 24, 2015 as futile as Plaintiff had not corrected any of the deficiencies noted by Judge Sheridan. In the interests of justice, the Court sua sponte reconsidered Plaintiff's request for pro bono counsel.

Defendants refiled their respective dispositive motions, which had been dismissed without prejudice pending resolution of the motion to amend, in early 2016. Pro bono counsel was appointed and filed the present motion to amend on May 27, 2016 in accordance with a scheduling order issued by Magistrate Judge Douglas Arpert. This Court administratively terminated the pending dispositive motions for case management purposes.

**III. DISCUSSION**

Plaintiff seeks to amend his complaint to reinstate the Eighth Amendment claims that had been dismissed without prejudice, add a negligence claim against Defendants, and

6

include newly named defendants: University Correctional Healthcare ("UCH"), Nurse Donique Ivery, Nurse Patricia Wood, Nurse Lance Carver, Nurse Paula Azara, Radiation Therapist Diane Krause, and Radiation Therapist Tracy McLaughlin. Defendants assert the motion should be denied due to prejudice, undue delay, futility, and the statute of limitations. *See also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (noting grounds on which leave to amend a pleading may be denied). Where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be granted freely in the interests of justice. Fed. R. Civ. P. 15(a)(2); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

## A. Undue Delay and Prejudice

Defendants argue the motion to amend should be denied as Plaintiff has unduly delayed in seeking to amend his complaint. Essentially, they assert that a significant period of time has elapsed since the filing of the complaint in 2013 and that Plaintiff could have moved to amend the complaint sooner. Combined with Plaintiff's allegations of injures beginning in 2002, they argue it is too late to amend the complaint. *See* Ashan Opposition at 14; CMS Opposition at 9.

The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In fact, delay alone is

7

an insufficient ground to deny leave to amend. *Cornell & Co.,
Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d
820, 823 (3d Cir. 1978). Rather, the question is whether
Defendants would be prejudiced by any such delay. *Dole v. Arco
Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) ("[P]rejudice to the
nonmoving party is the touchstone for the denial of the
amendment." (internal quotation marks omitted)).

The Court finds that Plaintiff has not unduly delayed in
moving to amend his complaint. Although the complaint was filed
in February 2013, it was not permitted to proceed until after
Judge Sheridan's § 1915 review was completed in January 2014.
Since that time, Plaintiff has been actively pursuing this
litigation and attempting to obtain relevant documents and
information. Additionally, it cannot be said that Plaintiff
delayed in moving to amend his complaint because this is not the
first time Plaintiff has tried to make some of the amendments
sought here. His first motion to amend was filed in June 2015,
just a little over a year after his complaint was permitted to
proceed, after he ascertained through discovery the identities
of some of the fictitious parties. First Motion to Amend at 2.
Defendants have been on notice since the beginning of this
matter that there were John and Jane Doe defendants involved,
and aware of the alleged identities of some of those fictitious
parties since June 2015. Insofar as the Court denied the first

motion, it was because Plaintiff had not addressed the deficiencies noted by Judge Sheridan, not because of any delay by Plaintiff in moving to amend.

Even if the amendment could be considered "delayed," Defendants have not shown they will be prejudiced by the amendment. *See Dole*, 921 F.2d at 488; *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938-39 (3d Cir.) (holding district court abused its discretion in denying leave to amend complaint ten years after filing when defendants had not shown they would be prejudiced by amendment), *cert. denied*, 469 U.S. 871 (1984). "To justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 144 (D.N.J. 1998) (citing *Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802, 806 (D. Del. 1986)). "In order to make the required showing of prejudice, regardless of the stage of the proceedings, [the non-moving party] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488. Here, Defendants have not satisfied their burden as they have only provided conclusory assertions of prejudice.

CMS and Dr. Ashan simply assert that it is "obvious" they will be prejudiced by amendment since fourteen years have passed since the beginning of the alleged misconduct in 2002. CMS

Opposition at 11; Ashan Opposition at 14. However, Plaintiff's allegations that Defendants' malpractice, negligence, and deliberate indifference began in 2002 is not a new claim; he made this allegation in the original complaint. *See* Complaint ¶¶ 19-20. Defendants have been aware of Plaintiff's position that the relevant time period extended back to 2002 since the start of this litigation; therefore, Defendants cannot claim they are prejudiced by the inclusion of that factual allegation in the amended complaint.

The State Defendants and Dr. Terris further argue the inclusion of a new negligence claim is unduly prejudicial as it would result in needing to conduct new discovery and a change in strategy. State Opposition at 6-7; Terris Opposition at 13. "[T]he need for additional discovery does not conclusively establish prejudice." *Dole*, 921 F.2d at 488. Defendants have not identified what additional discovery would be needed or the burdens it would impose. *See Butcher & Singer v. Kellam*, 105 F.R.D. 450, 453 (D. Del. 1984) ("This Court will not deny a moving party's amendment unless the nonmoving party specifically shows that it was 'deprived of the opportunity to present facts or evidence which it would have offered' had the moving party's amendments been timely filed."). Moreover, a negligence claim is not so different from a medical malpractice claim such that it is clear a different defense strategy will be necessary. *See*

10

*Dole* 921 F.2d at 488 (noting that where the "proposed amended complaint is based upon facts and circumstances which do not differ significantly from those underlying [movant's] original allegations . . . reference to an additional legal standard is not prejudicial" (internal citation and quotation marks omitted)).

Defendants have not demonstrated they will be prejudiced by permitting amendment of the complaint, whereas Plaintiff would be prejudiced if he were denied the ability to seek relief from potentially liable persons. *See Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 824 (3d Cir. 1978) ("In evaluating the extent of prejudice, courts may inquire into the hardship to the non-moving party if leave to amend is denied."). The Court will not deny the motion to amend on the basis of undue delay or prejudice.

**B. Futility**

Defendants also argue amendment of the complaint is futile. In determining whether a proposed amendment is futile, "the court looks only to the pleadings." "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). "All allegations in the complaint must be accepted as true, and the plaintiff must

11

be given the benefit of every favorable inference to be drawn
therefrom." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir.
1992).

### 1. Negligence

Dr. Ashan argues Plaintiff has not stated a negligence
claim because Plaintiff cannot allege both negligence and
medical malpractice. Without citing any authority for his
position, he asserts the negligence claim is merely duplicative
of the medical malpractice claim and should be disregarded.
Ashan Opposition at 25. Rule 8 permits parties to "set out 2 or
more statements of a claim or defense alternatively or
hypothetically, either in a single count or defense or in
separate ones. . . . A party may state as many separate claims
or defenses as it has, regardless of consistency." Fed. R. Civ.
P. 8(d)(2)-(3). To the extent Dr. Terris argues that "a
negligence claim against a licensed professional is a
malpractice claim," Terris Opposition at 17, New Jersey's
affidavit of merit statute indicates it applies "[i]n any action
for damages for personal injuries, wrongful death or property
damage resulting from an alleged act of *malpractice or
negligence* by a licensed person in his profession or occupation
. . . ." N.J. Stat. Ann. § 2A:53A-27 (emphasis added). This
suggests it is possible to bring a simple negligence claim

against a licensed professional as well as a malpractice claim. This argument is without merit.

"[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." *Davis v. Brickman Landscaping, Ltd.*, 98 A.3d 1173, 1178-79 (N.J. 2014) (alteration in original) (internal quotation marks omitted). The proposed amended complaint alleges Defendants were negligent in diagnosing and treating Plaintiff's cancer and that their negligence caused further injury to Plaintiff. Accepting the factual allegations in the complaint as true and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently alleged Defendants were negligent in their care of Plaintiff.[2] It is therefore not futile to amend the complaint to include this claim.

*2. Deliberate Indifference*

Defendants assert Plaintiff has failed to state a claim of deliberate indifference under the Eighth Amendment. In order to set forth a cognizable claim for a violation of the right to adequate medical care, a convicted and sentenced inmate must allege: (1) a serious medical need; and (2) behavior on the part

---

[2] Plaintiff concedes he cannot pursue negligence claims against NJDOC or NJSP in federal court and that Warren and Lanigan are immune in their official capacities. Response at 13.

of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Defendants do not assert that Plaintiff has not sufficiently alleged a serious medical need.

The State Defendants assert Plaintiff has failed to state a claim against Warren and Lanigan because "[p]rison administrators cannot be considered deliberately indifferent to an inmate's serious medical needs when they simply fail to respond to a complaint and the inmate was under the care of medical professionals." State Opposition at 14. Dr. Ashan argues Plaintiff has not sufficiently alleged an Eighth Amendment violation against him. Ashan Opposition at 15-18. Accepting Plaintiff's allegations as true and giving him the benefit of all reasonable inferences, the complaint sufficiently alleges an Eighth Amendment violation by Warren, Lanigan, and Dr. Ashan.

Deliberate indifference has been found in "situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence." *Natale*, 318 F.3d at 582 (quoting *Nicini v. Morra*, 212 F.3d 798, 815 n.14 (3d Cir. 2000)). Generally, however, "[c]orrectional defendant-administrators who are not themselves physicians cannot 'be considered deliberately indifferent simply because they failed to respond directly to the medical

14

complaints of a prisoner who was already being treated by the prison doctor.'" *Davis v. Norwood*, 614 F. App'x 602, 605 (3d Cir. 2015) (quoting *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)).

According to the proposed amended complaint, Plaintiff began notifying Warren, Lanigan, Dr. Woodward, and Dr. Ashan, of his testicular pain and fatigue as early as February 2002, but did not receive medical treatment for his condition until July 2011. Proposed Amended Complaint ¶¶ 28-31. In other words, Plaintiff is alleging that from 2002 to 2011 the necessary medical care was nonexistent as opposed to merely inadequate. Accepting Plaintiff's allegations as true and giving him the benefit of all reasonable inferences, a reasonable factfinder could conclude Plaintiff was not "being treated by the prison doctor" for his developing cancer at the time he was alerting the prison administrators.

Moreover, the allegations in the amended complaint go beyond one or two submitted grievances. Plaintiff has alleged that Defendants ignored his complaints and requests for treatment for nine years.[3] It is therefore not unreasonable to

---

[3] Dr. Ashan argues Plaintiff has failed to correct the original complaint's deficiencies as he has not set forth "specific incidents where he was specifically denied medical treatment between 2002 and 2011." Ashan Opposition at 18. The proposed amended complaint specifies that the requests for medical attention were made through the Inmate Remedy System and Inmate

infer they knew of the need for medical care during that time and intentionally refused to provide it. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) ("[Plaintiff] did his part to let the officers know he was suffering. . . . [A]n inmate's letters to officials setting out his medical condition put the officials on notice of his potential problem, and that the question as to whether the officers drew the inference that certain things should be done for the inmate could be determined by a jury on the basis of circumstantial evidence." (citing *Reed v. McBride*, 178 F.3d 849 (7th Cir. 1999))); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Cardona v. Warden – MDC Facility*, No. 12-7161, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (holding plaintiff stated a valid denial of medical services claim against prison warden because plaintiff alleged an ongoing constitutional violation that the warden was made aware of through repeated written requests). There are sufficient factual allegations in the proposed amended complaint to reasonably infer personal involvement by Warren and Lanigan.[4]

---

Remedy Forms and at routine medical appointments as opposed to the original complaint's vague assertion that requests were made. *Compare* Complaint ¶ 20 *with* Proposed Amended Complaint ¶ 28. The specific dates when Plaintiff requested or sought medical attention should be sufficiently identifiable.
[4] Warren and Lanigan assert Plaintiff has failed to set forth whether he exhausted his administrative remedies, State Opposition at 16 n.2, however such a statement is not a pleading requirement. *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002)

Plaintiff's claims against the medical defendants employed by NJDOC, CMS, UCH, and Saint Francis are also sufficient to state a claim for Eighth Amendment violations.[5] Plaintiff alleges that his radiation treatments would be interrupted without explanation. Proposed Amended Complaint ¶¶ 60-62. Deliberate indifference may be found where necessary medical treatment is delayed or denied for a non-medical reason. *Rouse*, 182 F.3d at 197. Giving Plaintiff the benefit of all reasonable inferences, Plaintiff has sufficiently alleged Eighth Amendment violations.[6]

Plaintiff has also sufficiently alleged Eighth Amendment violations by UHC and CMS. For purposes of claims under § 1983, UHC and CMS "cannot be held responsible for the acts of [their] employees under a theory of respondeat superior or vicarious liability." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Instead, Plaintiff must set forth sufficient facts indicating that a policy or custom of those entities

---

("[N]o provision of the PLRA requires pleading exhaustion with particularity.").

[5] Although certain medical defendants are employed by private hospitals, they are considered "state actors" within the meaning of § 1983 when they provide medical services to inmates pursuant to a contract with the state. *See West v. Atkins*, 487 U.S. 42, 56 (1988); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) ("Because [Prison Health Services] is a state actor, employees of [Prison Health Services] are considered prison officials.").

[6] Plaintiff concedes NJSP and the NJDOC are not "persons" within the meaning of § 1983 and that Warren and Lanigan are immune in their official capacities. Response at 9.

caused the alleged constitutional violation. *Id.* at 583–84
(citing *Bd. Of Cnty. Comm'rs of Bryan Cnty. Oklahoma v. Brown*,
520 U.S. 397, 404 (1997)). Plaintiff alleges that "it was the
custom and/or policy of the NJDOC, NJSP, CMS, and UCH to ignore
and fail to respond to a significant percentage of 'Request
System and Remedy Forms' submitted by NJSP inmates pertaining to
medical concerns." Proposed Amended Complaint ¶ 73. He further
alleges this custom or policy resulted in unconstitutional
denial of medical care, ultimately causing the aggravation of
his cancer. His Eighth Amendment claim against CMS and UHC can
proceed at this time.

The only entity the medical malpractice and Eighth
Amendment claims cannot proceed against is Saint Francis. Judge
Sheridan dismissed the Eighth Amendment claim against Saint
Francis without prejudice and the medical malpractice claim with
prejudice. *Garcia v. Corr. Med. Serv.*, No. 13-1250, 2014 WL
346625, at *3-4 & n.2 (D.N.J. Jan. 30, 2014); December 23, 2014
Order, Docket Entry 38. "When a party seeks leave to amend a
complaint after judgment has been entered, it must also move to
set aside the judgment pursuant to Federal Rule of Civil
Procedure 59(e) or 60(b), because the complaint cannot be
amended while the judgment stands." *Jang v. Boston Sci. Scimed,
Inc.*, 729 F.3d 357, 367-68 (3d Cir. 2013). Plaintiff has not
moved to set aside the judgment against Saint Francis, therefore

the complaint cannot be amended to include the medical malpractice claim against the hospital. Furthermore, he has not sufficiently alleged a policy or custom of Saint Francis caused his injuries, preventing him from proceeding on the Eighth Amendment claim. The negligence claim may proceed against it, however. *See supra* Part III.B.1.

### 3. *Statute of Limitations*

Dr. Terris asserts the statute of limitations has expired for Plaintiff to bring a new claim of negligence. Terris Opposition at 17-18. This argument is also without merit as newly filed claims relate back to the date of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). This requirement is clearly met.

Defendants also argue Plaintiff is time-barred from raising any claims pertaining to events that occurred prior to February 25, 2011, two years prior to the submission of the original complaint. State Opposition at 19; Terris Opposition at 17-18. Plaintiff invokes the discovery rule, arguing his claims did not accrue until December 2011. Response at 6. "As a general rule, a cause of action accrues, and the statute of limitations begins to run, when the alleged injury occurred. The discovery rule, however, functions to delay the beginning of the statutory

limitations period 'until the plaintiff discovers or in the exercise of reasonable diligence should have discovered the basis for her claim against the defendant.'" *Meyer v. PHH Mortg. Corp.*, No. 16-2255, 2016 WL 5934691, at *3 (D.N.J. Oct. 11, 2016) (quoting *Cunningham v. M & T Bank Corp.*, 814 F.3d 156, 162 (3d Cir. 2016)). It is not clear from the face of the proposed amended complaint that it is barred by the statute of limitations; therefore, the Court cannot conclude amendment would be futile. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111 (3d Cir. 2013) (per curiam) (noting finding of futility based on statute of limitations only appropriate "where that defense is obvious from the face of the complaint and no development of the record is necessary").[7]

**C. Interests of Justice**

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)) (internal citation omitted).

---

[7] Likewise, the Court presumes for purposes of the motion to amend only that the substitution of named parties for the Jane Doe defendants relates back to the original pleadings. *See* Fed. R. Civ. P. 15(c).

Plaintiff's allegations, if true, may entitle him to relief from Defendants. In the absence of undue delay, prejudice, or futility, the Court finds that it is in the interests of justice to grant the motion to amend in order to enable Plaintiff to pursue the merits of his complaint. Plaintiff shall have 7 days from the date of this Opinion and Order to file an amended complaint that conforms to this Opinion. Upon filing, the Clerk's Office shall be instructed to provide Plaintiff with U.S. Marshal Form 285 so Plaintiff can serve the newly named defendants.

## D. **Affidavit of Merit**

Defendants argue the motion to amend should be denied as Plaintiff has not provided an affidavit of merit. Terris Opposition at 20; Ashan Opposition at 26. The affidavit is not a pleading requirement, *see Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012), therefore the failure to provide one does not make amendment futile. To the extent Plaintiff argues an affidavit of merit is unnecessary under New Jersey law, Court declines to decide the issue at this time as it is not properly before the Court on a motion to amend the complaint.

## IV. CONCLUSION

For the reasons stated above, the motion to amend the complaint is granted. Plaintiff shall file a conforming amended complaint within 7 days.  An accompanying Order will be entered.


_12-16-16_
Date

ANNE E. THOMPSON
U.S. District Judge