NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICE, INC.; RALPH WOODWARD, M.D., individually and in his official capacity; ABU AHSAN, M.D., individually and in his official capacity; DR. NUGGEN, M.D. Urologist, individually and in her official capacity; DESPINA TERRIS, M.D., Oncologist, individually and in her official capacity; SAINT FRANCIS MEDICIAL CENTER; CHARLES WARREN, JR., N.J.S.P. ADMINISTRATOR, individually and in his official capacity; NEW JERSEY STATE PRISON; GARY LANIGAN, N.J.D.O.C. COMMISSIONER; NEW JERSEY DEPARTMENT OF CORRECTION; NEW JERSEY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; JOHN AND JANE DOES 1-30, individually and in their official capacities,<br><br>　　　　　Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 13-1250 (AET-DEA)<br><br>**OPINION** |

RECEIVED
APR 2 8 2017
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

This matter comes before the Court on Defendant Dr. Despina Terris' Motion for Summary Judgment. (ECF No. 132). Plaintiff Agustin Garcia opposes the motion. (ECF No. 144). The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion is denied without prejudice.

## BACKGROUND

This case involves medical treatment provided to Plaintiff for his prostate cancer while he was in the custody of the New Jersey Department of Corrections. Plaintiff raises an Eighth Amendment denial of adequate medical care claim as well as negligence and medical malpractice claims against Dr. Terris. The undisputed facts are as follows: Dr. Terris is an employee of Saint Francis Medical Center ("Saint Francis"). (Def.'s Undisputed Facts ¶ 2). Plaintiff received radiation therapy from Dr. Terris at Saint Francis beginning in March 2012. (*Id.* ¶ 6; Pla.'s Cert., ECF No. 144-1 ¶ 7). The therapy consisted of 44 sessions of radiation treatment. (Def.'s Undisputed Facts ¶ 7; Pla.'s Cert. ¶ 13). Plaintiff's amended complaint alleges that his therapy was interrupted without explanation and was defective and failed to eradicate his cancer. (Def.'s Undisputed Facts ¶ 1). Plaintiff has not served Dr. Terris with an affidavit of merit or a notice of tort claim form. (*Id.* ¶¶ 9-10).

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.' In making that determination, a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157

(1970)). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

### A. Eighth Amendment Claim

Dr. Terris seeks summary judgment on Plaintiff's Eighth Amendment claim on two grounds: that she was not acting under color of state law when she treated Plaintiff, and that he has failed to otherwise prove a claim of deliberate indifference.

In order to make a case under 42 U.S.C. § 1983, Plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). A person acts "under color of state law" when they "exercise[] power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Dr. Terris asserts Plaintiff has failed to meet both elements.

Dr. Terris' motion for summary judgment on this ground is premature. Whether a private entity is a state actor for purposes of § 1983 is a fact-intensive inquiry regarding the relationship between the entity and the State. Dr. Terris states only that she is an employee of St. Francis and that St. Francis "is a non-profit organization and is not affiliated with the State of New Jersey."

3

(Def.'s SOF ¶¶ 3-4). However, "[i]t is the physician's function within the state system, not the precise terms of [her] employment, that determines whether [her] actions can fairly be attributed to the State. Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner." *West*, 487 U.S. at 55–56. Here, the inquiry must focus on the nature of the relationship between the State of New Jersey and St. Francis. If New Jersey has delegated its constitutional duty to provide inmates with adequate medical care to St. Francis, Dr. Terris becomes a state actor for purposes of § 1983 by virtue of her employment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (noting employees of private health services company providing healthcare to inmates were considered "prison officials" because their employer was a "state actor").

St. Francis' articles of incorporation do not address whether it has a contract or other agreement with New Jersey to treat its prisoners or the extent of that agreement if one exists. There are not enough facts before the Court regarding St. Francis' arrangement with the State for the Court to conclude as a matter of law that Dr. Terris is not a state actor.

The Court also cannot conclude as a matter of law that Plaintiff has not established an Eighth Amendment violation. Plaintiff alleges Dr. Terris interrupted his radiation therapy without explanation and "significantly deviate[d] from the previously established duration of sessions, such that sessions would extent for 60 minutes rather than the 15 minutes previously established." (Amended Complaint, ECF No. 130 ¶¶ 62-63). Plaintiff asserts his PSA increased in severity because of the interference with his therapy, which in turn increased his risk of dying of prostate cancer. (*Id.* ¶¶ 65-66). Dr. Terris asserts Plaintiff is unable to carry his burden of proof on the Eighth Amendment claims and that he alleges nothing more than medical malpractice and negligence claims.

4

In order to establish a violation of the right to adequate medical care, a convicted and sentenced inmate must prove: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale*, 318 F.3d at 582. "Allegations of mere negligent treatment or even medical malpractice do not trigger the protections of the Eighth Amendment." *Palakovic v. Wetzel*, No. 16-2726, 2017 WL 1360772, at *12 (3d Cir. Apr. 14, 2017) (precedential) (citing *Estelle*, 429 U.S. at 105-06). "Nonetheless, there are circumstances in which some care is provided yet it is insufficient to satisfy constitutional requirements. For instance, prison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for 'an easier and less efficacious treatment' of the inmate's condition." *Ibid.* (quoting *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978)). Deliberate indifference may also be found "[w]here prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury[.]'" *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)).

The Court notes that the amended complaint was filed in late December 2016, and the magistrate judge has recently issued an order setting discovery deadlines. (ECF No. 157). Plaintiff indicates he wishes to depose Dr. Terris, seek further medical records, and issue "targeted" interrogatories as he was unable to do so due to his incarceration and pro se status. (ECF No. 144-1 ¶¶ 18-20; ECF No. 144 at 11). Because the disparities between the amended complaint and Dr. Terris' motion present disputed issues of material fact regarding the nature and sufficiency of the radiation treatment, and because Plaintiff has had no realistic opportunity

5

to conduct meaningful discovery, the Court will deny without prejudice the motion for summary judgment at this early stage.

## B. Affidavit of Merit

Dr. Terris argues the medical malpractice and negligence claims in the amended complaint should be dismissed with prejudice as Plaintiff has not complied with New Jersey's affidavit of merit statute, N.J. STAT. ANN. § 2A:53A-26, et seq. ("AOM statute"). Plaintiff asserts an affidavit is unnecessary under the common knowledge exception to the statute or, in the alternative, the time to file an affidavit of merit has not expired.

The AOM statute states in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A 2A:53A-27. "The submission of an appropriate affidavit of merit is considered an element of the claim. Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." *Meehan v. Antonellis*, 141 A.3d 1162, 1169 (N.J. 2016) (internal citations omitted).

Plaintiff raises claims of medical malpractice and negligence against Dr. Terris, claims that would normally require an affidavit of merit. He concedes he has not provided one to Dr. Terris, but invokes the common knowledge exception to the requirement. "'[T]he doctrine of common knowledge permits exception to the general rule; when it is applied, expert testimony is

6

not needed to establish the applicable standard of care.' This exception applies only when the defendant's negligence is obvious 'to anyone of average intelligence and ordinary experience.'" *Bornstein v. Monmouth Cty. Sheriff's Office*, 658 F. App'x 663, 669 (3d Cir. 2016) (quoting *Estate of Chin v. St. Barnabas Med. Ctr.*, 734 A.2d 778, 785-86 (N.J. 1999)). The New Jersey Supreme Court has cautioned that courts should narrowly construe the exception. *Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495, 501 (N.J. 2001).

Plaintiff argues "expert testimony should not be required for a jury to conclude that Plaintiff, who was exhibiting constant testicular pain and fatigue <u>for nine years</u> should have been evaluated by a urologist." (ECF No. 144 at 13) (emphasis in original). The Court agrees that common sense would tell medical personnel that a patient should be referred to a specialist after experiencing testicular pain and difficulty urinating for such an extended period of time. Likewise, an affidavit of merit is not necessary for Plaintiff to proceed on his claim that the failure of defendants, including Dr. Terris, to provide him with the opportunity to obtain a second opinion was malpractice.

The amended complaint raises more than just these allegations against Dr. Terris, however. Plaintiff further claims Dr. Terris participated in "the inadequate provision of post-surgical medical care to Plaintiff, subsequent to the Biopsy" and "the inadequate administration of Radiation Therapy." (ECF No. 130 ¶ 85). These things are not within the average juror's ordinary experience and require specialized knowledge. Expert testimony will be necessary to establish the relevant standard of care after a biopsy and whether the length of the radiation sessions was appropriate in Plaintiff's case. This is not an instance in which the wrong tooth was extracted, *Hubbard*, 774 A.2d at 500-01, or in which a pharmacist filled a prescription with the

wrong drug, *Bender v. Walgreen E. Co.*, 945 A.2d 120, 123 (N.J. Sup. Ct. App. Div. 2008). Plaintiff is required to file an affidavit of merit on these claims.

The fact that Plaintiff is required to file an affidavit of merit from appropriate professionals and has not done so to date does not require dismissal at this time, however. The Third Circuit has held that the AOM statute's "purpose is best implemented here by establishing as the beginning point of the 120–day limitations period the date on which a defendant files [her] answer to the final amended complaint. This construction allows meritorious cases to proceed without opening the door to frivolous claims." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002). The Third Circuit has not yet stated whether the limitations period in a multiple-defendant case begins "when the last answer is filed" or "at a different time for each defendant based on the time each filed its respective answer." *Ibid.* The Court declines to decide the issue now as the 120-day limitations period has not yet expired using either date.

Dr. Terris' motion for summary judgment on this point is denied without prejudice.

## C. Failure to Serve Notice of Claim

Dr. Terris finally argues that if the Court determines she is a state actor, she is entitled to judgment as a matter of law on the malpractice and negligence claims due to Plaintiff's failure to serve her with a notice of claim under the New Jersey Tort Claims Act ("NJTCA"), N.J. STAT. ANN. § 59:1–1 to :14–4.

Dr. Terris cites in support Plaintiff's allegation that she was acting under color of state law and reasons that if she was acting under color of state law, she "would be afforded the protections for public employees pursuant to the [NJTCA]." (ECF No. 132 at 20). The "under color of state law" element comes from 42 U.S.C. § 1983 and only applies to Plaintiff's federal law claims. His malpractice and negligence claims are based in state law, and the Court must

8

apply New Jersey's definition of a public employee when exercising supplemental jurisdiction over the state law claims. 28 U.S.C. § 1652.

Under the NJTCA, "a 'public employee' is simply 'an employee of a public entity[.]' The term 'employee' means 'an officer, employee, or servant, whether or not compensated or part-time, who is authorized to perform any act or service; provided, however, that *the term does not include an independent contractor*.'" *Gomes v. Cty. of Monmouth*, 134 A.3d 33, 38 (N.J. Sup. Ct. App. Div. 2016) (quoting N.J. STAT. ANN. § 59:1-3) (alteration and emphasis in original). The New Jersey Superior Court Appellate Division recently held in a case of first impression that a private medical provider under contract with the county to provide medical services to county inmates was not a "public entity" within the meaning of the NJTCA and was therefore not entitled to notice of the claim prior to suit. *Id.* at 40-41.

Under *Gomes*, Dr. Terris would not be entitled to prior notice of the claim as she is not the employee of a public entity as defined by the NJTCA. (*See* ECF No. 132-1 at 10-34). She is therefore not entitled to summary judgment on this basis.

## **CONCLUSION**

For the reasons stated above, summary judgment is denied without prejudice. An accompanying Order will be entered.

april 25, 2017
Date

ANNE E. THOMPSON
U.S. District Judge

9