NOT FOR PUBLICATION

RECEIVED
MAY 1 0 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICE, INC.; RALPH WOODWARD, M.D., individually and in his official capacity; ABU AHSAN, M.D., individually and in his official capacity; DR. NUGGEN, M.D. Urologist, individually and in her official capacity; DESPINA TERRIS, M.D., Oncologist, individually and in her official capacity; SAINT FRANCIS MEDICIAL CENTER; CHARLES WARREN, JR., N.J.S.P. ADMINISTRATOR, individually and in his official capacity; NEW JERSEY STATE PRISON; GARY LANIGAN, N.J.D.O.C. COMMISSIONER; NEW JERSEY DEPARTMENT OF CORRECTION; NEW JERSEY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; JOHN AND JANE DOES 1-30, individually and in their official capacities,<br><br>Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 13-1250 (AET-DEA)<br><br>**OPINION** |

**THOMPSON, District Judge:**

This matter comes before the Court on Defendant Correctional Medical Services' ("CMS") motion to dismiss the amended complaint pursuant to 28 U.S.C. § 1915(g). (ECF No. 137). Plaintiff Agustin Garcia opposes the motion. (ECF No. 149). The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion is denied. However, Plaintiff's *in forma pauperis* ("IFP") status is revoked, and the Court will administratively terminate the complaint. Plaintiff must pay the filing fee within 30 days.

1. Plaintiff submitted his original complaint on February 25, 2013. (ECF No. 1). He was granted IFP status on January 30, 2014. (ECF No. 4). His amended complaint was filed December 22, 2016. (ECF No. 130).

2. CMS argues the amended complaint must be dismissed as Plaintiff is barred from IFP status due to having three qualifying "strikes." Plaintiff appears to concede he has three strikes, but states dismissal is not the appropriate remedy. He requests time to pay the filing fee.

3. In the three years since the IFP application was granted, no one raised objections to Plaintiff's IFP status prior to the instant motion. However, "the inmate's *in forma pauperis* may be revoked at any time if the court, either *sua sponte* or on a motion, determines that the status was improperly obtained." *Love v. N.J. Dep't of Corr.*, No. 10-1714, 2011 WL 345964, at *33 (D.N.J. Jan. 31, 2011).

4. The Prison Litigation Reform Act of 1995 ("PLRA"), which amends § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action

2

IFP.¹ The PLRA contains a "three strikes" provision that "prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury." *Millhouse v. Sage*, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

5. The Third Circuit has held that plaintiffs accrue strikes under the PLRA "only if *the entire action* . . . is (1) dismissed *explicitly* because it is frivolous, malicious, or fails to state a claim or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Ibid.* (emphasis added)(internal citation and quotation marks omitted).

6. CMS argues Plaintiff has six strikes due to having four civil actions and two appeals dismissed. The Court will address each purported strike in turn.

7. The dismissal in *Garcia v. Bergen County Jail*, No. 02-2807 (D.N.J. Sept. 16, 2004), (Def. Exhibit C, ECF No. 137-5), does not constitute a strike within the meaning of § 1915(g). In that case, Plaintiff failed to provide sufficient evidence to create a genuine issue of fact on summary judgment. "In this context, it is clear that the district court did not grant summary judgment on a ground enumerated by the PLRA—it granted summary judgment

---

¹ "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). At the time the complaint was filed, Plaintiff was confined in New Jersey State Prison after being convicted in state court. He is thus subject to § 1915's filing requirements.

3

because the evidence did not support the claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045 (9th Cir. 2016); *see also Parks v. Samuels*, 540 F. App'x 146, 150 (3d Cir. 2014).

8. The dismissal in *Garcia v. New Jersey State Prison*, No. 05-3159 (D.N.J. Sep. 4, 2007) (Def. Exhibit E, ECF No. 137-7) was pursuant to Rule 12(b)(6) and therefore constitutes a strike for purposes of § 1915(g). *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). This is Plaintiff's first strike.

9. The Third Circuit's order affirming the dismissal of No. 05-3159, *Garcia v. Achebe*, No. 07-4087 (3d Cir. Apr. 1, 2008) (Def. Exhibit F, ECF No. 137-8), does not constitute a strike. "The PLRA three strikes provision speaks of possible strikes only in terms of 'an action or appeal . . . that was dismissed' on one of the enumerated ground . . . . Thus, '[u]nder the plain language of the statute, only a dismissal may count as a strike, not the affirmance of an earlier decision to dismiss.'" *Ball v. Famiglio*, 726 F.3d 448, 464 (3d Cir. 2013) (quoting 28 U.S.C. § 1915(g); *Jennings v. Natrona Cnty. Det. Center Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999)) (omissions and alteration in original).

10. The dismissal in *Garcia v. Correctional Medical Services*, No. 08-5652 (D.N.J. Apr. 21, 2010) (Def. Exhibit G, ECF No. 137-9), also does not qualify as a strike. In that case, the court granted CMS' motion to dismiss or in the alternative for summary judgment. The order dismissing the case does not explicitly set forth the basis for the court's decision, (Def. Exhibit H, ECF No. 137-10), but a review of the opinion indicates the claims against CMS were dismissed for failure to state a claim. (ECF No. 137-9 at 9). However, the opinion also indicates the claims against another defendant were dismissed as she was immune from suit. (*Id.* at 9-10 (citing 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e)).

11. Although a court may *sua sponte* dismiss a complaint that seeks monetary relief from someone who is immune from such a suit, suing an immune defendant is "a ground that does not support the accrual of a strike under § 1915(g)." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). Thus, the "entire action" was not dismissed for the reasons set forth by the Third Circuit in *Byrd*. *See ibid.*

12. The amended complaint in *Garcia v. Dechan*, No. 09-1642 (D.N.J. Nov. 2, 2009) (Def. Exhibit I, ECF No. 137-11), was explicitly dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). This is Plaintiff's second strike.

13. Plaintiff did not accrue a strike when the Third Circuit affirmed the dismissal of No. 09-1642. *Garcia v. Dechan*, No. 09-4575 (3d Cir. June 21, 2010) (Def. Exhibit J, ECF No. 137-12). *See Ball*, 726 F.3d at 464; *Jennings*, 175 F.3d at 780.

14. In summation, the cases cited by CMS result in only two strikes against Plaintiff. However, this Court has located another case in which Plaintiff, proceeding under the name Augustin Garcia, accrued a strike. *Garcia v. Ridgefield Police Dep't*, No. 07-5827 (D.N.J. Apr. 1, 2008). That case was explicitly dismissed for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and constitutes Plaintiff's third strike for purposes of § 1915(g).

15. As Plaintiff had at least three strikes at the time his IFP application was submitted, his IFP status must be revoked unless he was "under imminent danger of serious physical injury" at the time he filed the complaint. 28 U.S.C. § 1915(g); *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

16. CMS argues that the imminent danger analysis must consider Plaintiff's circumstances at the time he filed his amended complaint, not the original complaint. (ECF No.

5

137-2 at 5). "By its terms, § 1915(g) governs only the circumstances under which a prisoner may 'bring' a civil action in forma pauperis, which means that its impact must be assessed at the time a prisoner files his or her complaint." *Lopez v. U.S. Dep't of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) (internal citations omitted). "In the context of filing a civil action, 'bring' ordinarily refers to the 'initiation of legal proceedings in a suit.' . . . [Plaintiff's] complaint was filed, and his action was 'brought' when his motion to proceed in forma pauperis was granted." *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998) (quoting Black's Law Dictionary 192 (6th ed.1990)).

17. If strikes accumulated after a complaint is filed do not support revoking IFP for that action, *see Lopez*, 228 F. App'x at 219 (citing *Gibbs*, 160 F.3d at 163), then it follows that coming out of imminent danger after a complaint is filed also would not support revoking IFP. The Court therefore looks to the original complaint to see if it could support a finding of imminent danger.

18. After reviewing the original complaint, (Def. Exhibit A, ECF No. 137-3),[2] the Court finds that it does not support a finding that Plaintiff was in imminent danger of serious physical injury at the time of filing. Plaintiff's IFP status is therefore revoked, and the Court will vacate the order granting IFP.

19. Although the Court will revoke Plaintiff's IFP status, it will not dismiss the complaint at this time. Other courts in this circuit have granted plaintiffs in similar situations a limited amount of time to pay the filing fee before dismissing the case,[3] and the Court finds that

---

[2] The allegations of the original complaint have been summarized at length in several prior opinions in this matter, *see, e.g.*, ECF No. 90; ECF No. 127, and the Court will not reproduce them here.

[3] *See, e.g., Husband v. Aleman-Acevedo,* No. 16-498, 2016 WL 7217216, at *3 (M.D. Pa. Dec. 12, 2016), *appeal dismissed*, No. 17-1248 (3d Cir. Feb. 28, 2017); *Ball v. Hummel*, No. 12-814, 2012 WL 3614045, at *1 (M.D. Pa. Aug. 21, 2012), *aff'd*, 577 F. App'x 96 (3d Cir. 2014);

6

it is in the interests of justice to administratively terminate the complaint for a period of 30 days. Plaintiff must pay the $350 filing fee[4] within that time, or the Court will dismiss the complaint for lack of prosecution.

    20.    An appropriate order follows.

May 9, 2017
Date

ANNE E. THOMPSON
U.S. District Judge

---

*Bronson v. Lamb*, No. 09-225, 2010 WL 936088, at *2 (W.D. Pa. Feb. 9, 2010), *report and recommendation adopted*, No. 09-225, 2010 WL 934266 (W.D. Pa. Mar. 12, 2010).
[4] Prior to May 1, 2013 there was no $50 administrative fee associated with the filing fee. Plaintiff is therefore only responsible for the fee that he should have paid in full at the time he submitted the complaint.