NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA,<br><br>               Plaintiff,<br><br>   v.<br><br>CORRECTIONAL MEDICAL SERVICE,INC.; RALPH WOODWARD, M.D., individually and in his official capacity; ABU AHSAN, M.D., individually and in his official capacity; DR. NUGGEN, M.D. Urologist, individually and in her official capacity; DESPINA TERRIS, M.D., Oncologist, individually and in her official capacity; SAINT FRANCIS MEDICIAL CENTER; CHARLES WARREN, JR., N.J.S.P. ADMINISTRATOR, individually and in his official capacity; NEW JERSEY STATE PRISON; GARY LANIGAN, N.J.D.O.C. COMMISSIONER; NEW JERSEY DEPARTMENT OF CORRECTION; NEW JERSEY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; JOHN AND JANE DOES 1-30, individually and in their official capacities,<br><br>               Defendants. | Civil Action<br>No. 13-1250 (AET-DEA)<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Motion for Summary Judgment by Defendant Dr. Abu Ahsan ("Defendant" or "Dr. Ahsan"). (ECF No. 156). Plaintiff Agustin Garcia ("Plaintiff") opposes the motion. (ECF No. 162). The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion will be denied without prejudice.

## BACKGROUND

This case involves medical treatment provided to Plaintiff for his prostate cancer while he was in the custody of the New Jersey Department of Corrections. Plaintiff raises an Eighth Amendment denial of adequate medical care claim as well as negligence and medical malpractice claims against Dr. Ahsan. The undisputed facts are as follows: At all relevant times, Dr. Ahsan was a board certified Internal Medicine physician who provided treatment to inmates at the infirmary at New Jersey State Prison. (Def.'s Undisputed Facts ¶ 7). Plaintiff requested a urology consult as early as 2002, and all complaints relate to Plaintiff's prostate cancer. (*Id.* ¶ 23). Plaintiff has not served Dr. Ahsan with an affidavit of merit or a notice of tort claim form. (*Id.* ¶¶ 9).

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(a). In making that determination, a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such

2

fact might otherwise affect the disposition of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

### A. Affidavit of Merit

Dr. Ahsan argues the medical malpractice and negligence claims in the amended complaint should be dismissed with prejudice as Plaintiff has not complied with New Jersey's affidavit of merit statute, N.J. STAT. ANN. § 2A:53A-26, et seq. ("AOM statute"). Plaintiff asserts an affidavit is unnecessary under the common knowledge exception to the statute or, in the alternative, the time to file an affidavit of merit has not expired.

The AOM statute states in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A 2A:53A-27. "The submission of an appropriate affidavit of merit is considered an element of the claim. Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." *Meehan v. Antonellis*, 141 A.3d 1162, 1169 (N.J. 2016) (internal citations omitted).

3

Plaintiff raises claims of medical malpractice and negligence against Dr. Ahsan, claims that would normally require an affidavit of merit. He concedes he has not provided one to Dr. Ahsan, but invokes the common knowledge exception to the requirement. "'[T]he doctrine of common knowledge permits exception to the general rule; when it is applied, expert testimony is not needed to establish the applicable standard of care.' This exception applies only when the defendant's negligence is obvious 'to anyone of average intelligence and ordinary experience.'" *Bornstein v. Monmouth Cty. Sheriff's Office*, 658 F. App'x 663, 669 (3d Cir. 2016) (quoting *Estate of Chin v. St. Barnabas Med. Ctr.*, 734 A.2d 778, 785–86 (N.J. 1999)). The New Jersey Supreme Court has cautioned that courts should narrowly construe the exception. *Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495, 501 (N.J. 2001).

Plaintiff argues that "[e]xpert testimony should not be required for a jury to conclude that a patient who has had a Biopsy requires antibiotics to prevent infection." (ECF No. 162 at 10). Plaintiff argues further that his complaints of high fever, sweating, discomfort during urination, and blood in his urine for four days following his biopsy, should have led to evaluation and treatment. (*Id.*).

Proper post-surgical care and typical post-surgical complaints are not within the average juror's ordinary experience and require specialized knowledge. Expert testimony will be necessary to establish the relevant standard of care after a biopsy in Plaintiff's case. This is not an instance in which the wrong tooth was extracted, *Hubbard*, 774 A.2d at 500-01, or in which a pharmacist filled a prescription with the wrong drug, *Bender v. Walgreen E. Co.*, 945 A.2d 120, 123 (N.J. Sup. Ct. App. Div. 2008). Plaintiff is required to file an affidavit of merit on these claims.

The fact that Plaintiff is required to file an affidavit of merit from appropriate professionals and has not done so to date does not require dismissal at this time, however. The Third Circuit has held that the AOM statute's "purpose is best implemented here by establishing as the beginning point of the 120–day limitations period the date on which a defendant files [her] answer to the final amended complaint. This construction allows meritorious cases to proceed without opening the door to frivolous claims." *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002). The Third Circuit has not yet stated whether the limitations period in a multiple-defendant case begins "when the last answer is filed" or "at a different time for each defendant based on the time each filed its respective answer." *Id.* The amended complaint was filed on December 20, 2016 and this Defendant answered on January 16, 2017. Other defendants filed their answer through and including April 3, 2017. Furthermore, this case was stayed from May 10, 2017 to June 2, 2017. (ECF Nos. 168, 172).

Dr. Ahsan's motion for summary judgment on this point will be denied without prejudice and Plaintiff directed to file an Affidavit of Merit.

B. **Eighth Amendment Claim**

Dr. Ahsan seeks summary judgment on Plaintiff's Eighth Amendment claim, arguing that Plaintiff has failed to provide a basis for a claim of deliberate indifference.

In order to make a case under 42 U.S.C. § 1983, Plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). The Supreme Court has found that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983" based on a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,

105 (1976). In order to establish a violation of the right to adequate medical care, a convicted and sentenced inmate must prove: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale*, 318 F.3d at 582. Deliberate indifference is greater than negligence, and must rise to the level of "a state of mind equivalent to reckless disregard of a known risk of harm." *Glazewski v. Corzine*, 2007 WL 3267763, at *6 (2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Dr. Ahsan's motion for summary judgment on this ground is premature. Whether Defendant acted with reckless disregard of a known harm is a fact-intensive inquiry into the events surrounding and following Plaintiff's biopsy. Furthermore, there is a dispute about whether Dr. Ahsan was involved in care—and therefore liable—for any actions prior to 2008, or for Plaintiff's radiation therapy. So few substantive facts in this case are undisputed. The Court will deny without prejudice the motion for summary judgment at this early stage.

## **CONCLUSION**

For the reasons stated above, summary judgment will be denied without prejudice. An accompanying Order will follow.

**Date:** *6/15/17*                                                                           */s/ Anne E. Thompson*
                                                                                      ANNE E. THOMPSON, U.S.D.J.