NOT FOR PUBLICATION

RECEIVED
OCT 05 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AGUSTIN GARCIA,

    Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICE, INC.; RALPH WOODWARD, M.D., individually and in his official capacity; ABU AHSAN, M.D., individually and in his official capacity; DR. NUGGEN, M.D., Urologist, individually and in her official capacity; DESPINA TERRIS, M.D., Oncologist, individually and in her official capacity; SAINT FRANCIS MEDICAL CENTER; CHARLES WARREN, JR., N.J.S.P. ADMINISTRATOR, individually and in his official capacity; NEW JERSEY STATE PRISON; GARY LANIGAN, N.J.D.O.C. COMMISSIONER; NEW JERSEY DEPARTMENT OF CORRECTION; NEW JERSEY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; JOHN AND JANE DOES 1-30, individually and in their official capacities,

    Defendants.

Civ. No. 13-1250

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court upon Motion for Summary Judgment by Defendant Dr. Abu Ahsan ("Defendant Ahsan"). (ECF No. 188.) Plaintiff Agustin Garcia ("Plaintiff") opposes the motion. (ECF No. 195.) The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion will be denied.

## BACKGROUND

This case involves medical treatment provided to Plaintiff for his prostate cancer while he was in the custody of the New Jersey Department of Corrections. Plaintiff raises claims for an Eighth Amendment denial of adequate medical care, negligence, and medical malpractice against Dr. Ahsan (Def.'s Statement of Material Facts ¶ 3, ECF No. 188), a board certified Internal Medicine physician who provided treatment to inmates at the infirmary at New Jersey State Prison (*id.* ¶ 7). Plaintiff claims that Defendant Ahsan breached his duty of care by failing to conduct a urological consultation between February 2002 and July 2011 and by providing inadequate treatment, therapies, and post-surgical care. (*Id.* ¶¶ 5–6.) Plaintiff has not served Defendant Ahsan with an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27. (*Id.* ¶ 9.) Defendant Ahsan has already moved for summary judgment in this case. Most recently, on June 15, 2017, the Court denied Defendant Ahsan's motion, which argued for summary judgment based both on Plaintiff's failure to file an affidavit of merit for the negligence and medical malpractice claims and for his Eighth Amendment claims. (ECF Nos. 176, 177.) The Court also directed Plaintiff to file an affidavit of merit. (*Id.*) On June 29, 2017, Defendant Ahsan filed his answer to Plaintiff's most recent amendment complaint, and then on August 4, 2017, filed this Motion for Summary Judgment, arguing that Plaintiff's procedural failure to file an affidavit of merit warrants summary judgment in his favor. (ECF No. 188.)

2

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

Defendant Ahsan filed the instant motion due to Plaintiff's failure to file an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27. Defendant Ahsan argues once again that the medical malpractice and negligence claims in the amended complaint should be dismissed with prejudice for Plaintiff's failure to comply with New Jersey's affidavit of merit statute, N.J.S.A. 2A:53A-27 ("AOM statute") and the Court's June 15, 2017 Opinion directing Plaintiff to file an affidavit of

3

merit (ECF No. 176 at 4). Plaintiff argues that this motion is premature and untimely. The Court's June 15, 2017 Opinion already discussed the AOM statute and its requirements. Therefore, this Opinion will only address the law most relevant to the arguments advanced by the parties.

Plaintiff's first responsive argument contends that Defendant Ahsan's motion is premature because discovery has not yet determined the facts and possible disputes of fact surrounding Defendant Ahsan's alleged negligence. (Pl.'s Opp'n to Def.'s Mot. Summ. J. at 4–5, ECF No. 195.) The AOM statute is a gatekeeper used "to identify and eliminate unmeritorious claims against licensed professionals and to permit meritorious claims to proceed efficiently through the litigation process." *Meehan v. Antonellis*, 141 A.2d 1162, 1170 (N.J. 2016). As the Court already indicated, "[t]he submission of an appropriate affidavit of merit is considered an element of the claim. Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." (ECF No. 176 at 3 (citing *Meehan*, 141 A.2d at 1169).) The AOM statute is explicitly designed to avoid discovery and the rest of the litigation process if a plaintiff's claim as alleged in the complaint is meritless. *See Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2010) (noting that the federal court must apply this New Jersey statutory pleading requirement to avoid forum shopping such that illegitimate claimants could "be able to survive beyond the pleading stage and secure discovery"). The Court rejects Plaintiff's argument—Defendant Ahsan's Motion is not premature in this respect.

Next, Plaintiff addresses the main argument put forth in Defendant's brief, arguing that he has not yet missed the AOM deadline. Plaintiff cites the Court's discussion in the June 15, 2017 Opinion for the proposition that the AOM period does not begin to run until the last defendant files its answer, and thus has not yet run here. (Pl.'s Opp'n to Def.'s Mot. Summ. J. at

4

6–7.) The Court's last Opinion addressed affidavits of merit in multi-defendant cases, citing *Snyder v. Pascack Valley Hospital*, 303 F.3d 271 (3d Cir. 2002). There the Third Circuit observed that the AOM statute is unclear as to the appropriate construction; it leaves open whether the applicable time period "begins 'when the last answer is filed' or 'at a different time for each defendant based on the time each filed its respective answer.'" (ECF No. 176 at 5 (citing *Snyder*, 303 F.3d at 276).) Because this issue was not dispositive at Defendant Ahsan's last motion for summary judgment, the Court did not delve into relevant case law from New Jersey and within this Circuit.

"[T]here is at least an ambiguity in the statute as to whether the deadline runs from each defendant's answer, or from the time that all defendants have jointly answered." *Szemple v. Univ. of Med. and Dentistry of N.J.*, 162 F. Supp. 3d 423, 429 (D.N.J. 2016). New Jersey state courts, however, have taken a more definitive approach. Although originally regarded as New Jersey Supreme Court dicta in *In re Petition of Hall*, 688 A.2d 81, 87 (N.J. 1997), New Jersey courts generally agree that "the time period under the Affidavit of Merit statute begins to run on the date that each defendant filed an answer, not on the date that the last answer was filed." *Watts v. Centrastate Med. Ctr.*, 2014 WL 2114834, at *2 (D.N.J. May 21, 2014) (collecting cases); *see also Kubiack v. Robert Wood Jonhson Univ. Hosp.*, 753 A.2d 166, 169 (N.J. Super. Ct. App. Div. 2000) (noting *In re Petition of Hall*'s dicta later embraced as binding by the Superior Court, but raising doubts). More specifically, the AOM statute begins to run upon the date a defendant answers the most recent amended complaint. *Szemple*, 162 F. Supp. 3d at 429–30. Without more clarity, the Court will follow this approach for the sake of consistency.

Defendant Patricia Wood, the last Defendant to answer in this litigation, received an extension of time to file her answer until September 29, 2017. (ECF No. 194.) Although

5

Plaintiff contends that Defendant Patricia Wood's date of filing will begin the clock for his time to file the affidavit of merit, based on preceding discussion this is not the case. Defendant Ahsan's Answer to Plaintiff's Amended Complaint on June 29, 2017 (Def. Ahsan Answer Am. Compl., ECF No. 180) is the dispositive pleading, beginning the clock for the AOM statute. *See Watts*, 2014 WL 2114834; *Szemple*, 162 F. Supp. 3d at 429–30.

With this framework in mind, the Court considers whether the time period for filing an affidavit of merit has passed. The statute expressly provides that the affidavit of merit should be filed within 60 days, but permits an extension of an additional 60 days upon a showing of good cause. N.J.S.A. 2A:53A-27. Consistent with the "liberal spirit" of AOM statute case law, *Szemple*, 162 F. Supp. 3d at 430, '[t]he good cause standard is a forgiving one, and as a practical matter, the deadline is very often 120 days," *Endl v. New Jersey*, 2016 WL 1224133, at *5 (D.N.J. Mar. 29, 2016). A plaintiff need not move the court for an extension of time—courts can extend the deadline as appropriate to best implement the purpose of the statute. *Costa v. Cty. of Burlington*, 556 F. Supp. 2d 360, 362 (D.N.J. 2008). After the 120-day deadline has passed, the plaintiff can avoid dismissal with prejudice for limited reasons, including a showing of extraordinary circumstances. *See Hyman Zamft and Manadrad, LLC v. Cornell*, 707 A.2d 1068, 1071 (N.J. Super. Ct. App. Div. 1998) ("Carelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse missing a filing deadline.")

Here, Plaintiff has missed the 60-day deadline to file his affidavit of merit with respect to Defendant Ahsan, but the Court declines to find this untimely to justify judgment in favor of Defendant Ahsan with prejudice to Plaintiff at this time. Liberally construing this standard as other courts have, Plaintiff is afforded an additional 60 days to file an affidavit of merit.

Although Plaintiff has not moved for an extension or made a showing of good cause for this extension, his reliance on the unclear application of the AOM statute to a multiple-defendant case is understandable. Plaintiff is directed to file an affidavit of merit, consistent with this Opinion and the Court's Opinion of June 15, within sixty (60) days of the date of this Opinion and corresponding Order.

## CONCLUSION

For the reasons stated above, summary judgment will be denied without prejudice. An accompanying Order will follow.

Date: 10/5/17

*Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.