UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICE, INC.; RALPH WOODWARD, M.D., individually and in his official capacity; ABU AHSAN, M.D., individually and in his official capacity; DR. NUGGEN, M.D., Urologist, individually and in her official capacity; DESPINA TERRIS, M.D., Oncologist, individually and in her official capacity; SAINT FRANCIS MEDICAL CENTER; CHARLES WARREN, JR., N.J.S.P. ADMINISTRATOR, individually and in his official capacity; NEW JERSEY STATE PRISON; GARY LANIGAN, N.J.D.O.C. COMMISSIONER; NEW JERSEY DEPARTMENT OF CORRECTION; NEW JERSEY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; JOHN AND JANE DOES 1-30, individually and in their official capacities,<br><br>Defendants. | Civ. No. 13-1250<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon a motion for partial summary judgment by Defendant Despina Terris, M.D. (ECF No. 201.) This Motion is unopposed. The Court has issued the opinion below based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Motion is granted.

## **BACKGROUND**

This case involves medical treatment Plaintiff Agustin Garcia ("Plaintiff") had for prostate cancer in the custody of the New Jersey Department of Corrections. The relevant undisputed facts are as follows: Defendant Despina Terris, M.D. ("Defendant Terris") first saw Plaintiff on January 24, 2012 and recommended a particular course of radiation therapy. (Statement of Undisputed Facts [SUF] ¶ 2, ECF No. 201-2.)[1] Plaintiff consented to the treatment suggested by Defendant Terris, had an initial CT simulation on March 26, 2012, and subsequently underwent 44 radiation treatments between April 3 and June 12, 2012. (*Id.* ¶¶ 3–4.) Plaintiff filed his first complaint in this lawsuit on February 25, 2013 (ECF No. 1), alleging that Defendant Terris, among others, "interrupted Plaintiff's radiation therapy without explanation" and that the therapy was ineffective and failed to eradicate his prostate cancer (SUF ¶ 1). Defendant Terris answered the original complaint on July 9, 2014. (ECF No. 21.)

Plaintiff filed an amended complaint on December 22, 2016, pleading three Counts: (I) deliberate indifference under § 1983, (II) negligence, and (III) medical malpractice. (*See generally* Am. Compl., ECF No. 130.) Defendant Terris answered Plaintiff's amended complaint on February 3, 2017. (ECF No. 141; SUF ¶ 7.) In that time frame, Plaintiff has failed

---

[1] Defendant Terris filed a statement of undisputed facts pursuant to Local Civil Rule 56.1 within the body of the brief for this Motion for Summary Judgment. (*See* Def. Terris Mot. Summ. J. at 5–7, ECF No. 201-2.) Although within the same ECF entry, the Court will cite to the internal statement of undisputed facts as a distinct entity, hereinafter "SUF."

2

to obtain or serve the required Affidavit of Merit ("AOM") pursuant to N.J.S.A. 2A:53A-27 for a medical malpractice claim. (SUF ¶ 8.)

This is not a novel argument in this case. Prior to the current operative Amended Complaint, Defendant Terris first moved for summary judgment on November 10, 2014. (ECF No. 28.) Judge Peter G. Sheridan initially granted summary judgment in Defendant Terris's favor with respect to the state medical malpractice claim due to Plaintiff's failure to file an AOM. (ECF No. 38.) Pursuant to Plaintiff's motion for reconsideration, Judge Sheridan provided Plaintiff 60 days to obtain and serve an AOM. (ECF No. 59.) Defendant Terris filed a second motion for summary judgment on April 30, 2015 (ECF No. 70), and then this case was reassigned to Judge Anne E. Thompson (ECF No. 86). This Court dismissed Defendant Terris's motion pending the resolution of Plaintiff's motion to amend the complaint (ECF No. 87). Once Plaintiff filed an Amended Complaint against Defendant Terris on December 22, 2016 (ECF No. 130), Defendant Terris again moved for summary judgment on January 6, 2017 (ECF No. 132). This Court denied the motion without prejudice, finding it premature under the AOM statute. (Op. at 8, ECF No. 165; ECF No. 166.) Defendant Terris renewed her Motion for Summary Judgment on December 6, 2017. (ECF No. 201.) Plaintiff filed for an automatic extension pursuant to Local Civil Rule 7.1(d)(5) on December 15, 2017, affording him until January 2, 2018 to respond to this Motion. (ECF No. 203.) Plaintiff has failed to do so. This unopposed Motion is presently before the Court.

### **LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

3

*Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Where a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," the court has the discretion to consider said facts undisputed or grant summary judgment. Fed. R. Civ. P. 56(e). Even where undisputed or unopposed, however, a "defendant is not automatically entitled to summary judgment. It still must prove it is entitled to the judgment." *Hawkins v. Global Life Ins. Co.*, 105 F. Supp. 3d 430, 446 n.23 (D.N.J. 2015); *see also Ruth v. Selective Ins. Co. of Am.*, 2017 WL 592146, at *2 (D.N.J. Feb. 14, 2017) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)) (noting that Rule 56(e)(3) "still requires the Court to satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.").

## ANALYSIS

Defendant Terris moves for partial summary judgment for the second time as to Plaintiff's state law medical malpractice and negligence claims—Counts II and III of the

4

Amended Complaint—based on his failure to obtain an AOM within the 120 day statutory time frame. (Def. Terris Mot. Summ. J. at 8, 12.) As Defendant Terris notes, this Court has addressed the issue of the AOM many times before in this case, most recently in denying Defendant Abu Ahsan's motion for summary judgment on this same basis. (ECF Nos. 197, 198.) There, the Court explored the AOM requirement under New Jersey law for medical malpractice and negligence claims. Specifically, the Court discussed the gatekeeping function of the AOM statute, designed "to identify and eliminate unmeritorious claims against licensed professionals and to permit meritorious claims to proceed efficiently through the litigation process." (Op. at 4, ECF No. 197 (quoting *Meehan v. Antonellis*, 141 A.2d 1162, 1170 (N.J. 2016)).) "The failure to provide the affidavit or its legal equivalent is 'deemed a failure to state a cause of action,'" and "the statute require[s] dismissal with prejudice for noncompliance." *A.T. v. Cohen*, 2017 WL 6398723, at *6–7 (N.J. Dec. 14, 2017) (quoting N.J.S.A. 2A:53A-29).

The AOM statute provides a 60 day period for an AOM to be obtained and served following a defendant's answer to a plaintiff's claim that falls within the statute's scope. N.J.S.A 2A:53A-27. Courts may extend this period by an additional 60 days for good cause shown, effectively providing plaintiffs with 120 days to satisfy the AOM requirement. *Id.*; *Endl v. New Jersey*, 2016 WL 1225133, at *5 (D.N.J. Mar. 29, 2016). Yet, "N.J.S.A. 2A:53A-27 limits the court to granting one additional period," and "no more than one additional period." *Familia v. Univ. Hosp. of Univ. of Med. & Dentistry of N.J.*, 796 A.2d 302, 305–06 (N.J. Super. Ct. App. Div. 2002). The legislative intent "was to set an outer time limit of one hundred twenty days, beyond which no extension could be granted." *Id.* at 306. With respect to Defendant Ahsan, the Court also discussed that this 120-day window for "the AOM statute begins to run upon the date a defendant answers the most recent amended complaint," and is keyed to each particular

defendant's filing. (Op. at 5, ECF No. 197 (citing *Szemple v. Univ. of Med. & Dentistry of N.J.*, 162 F. Supp. 3d 423, 429–30 (D.N.J. 2016)).) Plaintiff can only avoid dismissal for failure to comply with the AOM statute with a showing of extraordinary circumstances. *Meehan*, 141 A.2d at 1170.

The Court dismissed Defendant Terris's last motion for summary judgment without prejudice, having found that the motion was premature because Plaintiff was not yet afforded the full 120-day period permitted under the AOM statute and case law. (Op. at 8, ECF No. 165.) The Court also confronted Plaintiff's argument that an AOM statute was not necessary with respect to Defendant Terris. Despite his contentions, Plaintiff's amended complaint raised allegations against Defendant Terris that would in fact require an AOM statute because they are "not within the average juror's ordinary experience and require specialized knowledge." (Op. at 7, ECF No. 165.)

Therefore, it has been made clear that Plaintiff is required to obtain and serve an AOM with respect to his medical malpractice and negligence claims against Defendant Terris, as for Defendant Ahsan (*see generally* ECF No. 197). Although the Court's denial of Defendant Terris's last summary judgment motion did not provide an explicit time frame or deadline by which Plaintiff had to obtain the AOM, it relied on the statutory grant of 120 days. This outer limit and hard statutory maximum has long passed as to Defendant Terris. The 120 day period began to run when Defendant Terris answered Plaintiff's Amended Complaint on February 3, 2017. (ECF No. 141). Following the 120 day limit or approximately four months, this Motion for Partial Summary Judgment would have been timely in early June 2017. Defendant Terris allowed far more than 120 days to lapse before renewing this Motion, and now, on the date of

this Opinion, nearly a year has elapsed during which Plaintiff has not obtained, filed, or served an AOM. (SUF ¶¶ 7–9.)

Because Plaintiff has filed no opposition brief or in any way responded to Defendant Terris's Motion, the Court has discretion to accept Defendant Terris's statement of undisputed facts and grant judgment in her favor. Fed. R. Civ. P. 56(e). Without a response from Plaintiff, the Court cannot consider or infer any extraordinary circumstances that could justify a departure from or leniency regarding the AOM statute's temporal requirements. Even so, Defendant Terris has met her burden. Without the AOM, Plaintiff's Counts II and III of the Amended Complaint fail as causes of action, *A.T.*, 2017 WL 6398723, at *6–7, thereby justifying summary judgment as a matter of law, *see Hawkins*, 105 F. Supp. at 446 n.23.

## CONCLUSION

For the reasons stated above, partial summary judgment will be granted in Defendant Despina Terris's favor with regard to Counts II and III of Plaintiff's Amended Complaint: negligence and medical malpractice. An accompanying Order will follow.

Date: 1/22/18

Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.