NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
MAR 14 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

AGUSTIN GARCIA,

    Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICE, INC.; RALPH WOODWARD, M.D., individually and in his official capacity; ABU AHSAN, M.D., individually and in his official capacity; DR. NUGGEN, M.D., Urologist, individually and in her official capacity; DESPINA TERRIS, M.D., Oncologist, individually and in her official capacity; SAINT FRANCIS MEDICAL CENTER; CHARLES WARREN, JR., N.J.S.P. ADMINISTRATOR, individually and in his official capacity; NEW JERSEY STATE PRISON; GARY LANIGAN, N.J.D.O.C. COMMISSIONER; NEW JERSEY DEPARTMENT OF CORRECTION; NEW JERSEY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; JOHN AND JANE DOES 1-30, individually and in their official capacities,

    Defendants.

Civ. No. 13-1250

**OPINION**

1

THOMPSON, U.S.D.J.

This matter comes before the Court upon a request for clarification or confirmation by Plaintiff Agustin Garcia ("Plaintiff") regarding the Court's order and opinion granting partial summary judgment for Defendant Despina Terris (ECF Nos. 208, 209). (ECF Nos. 211, 212.) Defendant Terris opposes this informal request. (ECF No. 214.)

## BACKGROUND

Plaintiff has brought this § 1983 action for allegedly improper treatment of and radiation therapy for his prostate cancer while in the custody of the New Jersey Department of Corrections. Plaintiff pleads deliberate indifference, negligence, and medical malpractice against his doctors and medical care providers, including Defendant Terris. (*See generally* Am. Compl., ECF No. 130.) In a number of opinions since this case's inception, the Court has determined that pursuant to N.J.S.A. 2A:53A-26, *et seq.*, Plaintiff must obtain and file an Affidavit of Merit ("AOM") to proceed with his negligence and medical malpractice claims. (*See, e.g.*, ECF Nos. 38, 59, 165, 197, 208.)

Defendant Terris has moved for summary judgment for Plaintiff's failure to obtain an AOM multiple times. (*See* Op. at 3, ECF No. 208.) On April 28, 2017, the Court denied Defendant Terris's motion as premature. (ECF No. 165, 166.) Defendant Terris filed a renewed motion for partial summary judgment on December 6, 2017. (ECF No. 201.) That motion was unopposed, and the Court granted partial summary judgment as to Counts I and II of Plaintiff's Amended Complaint, negligence and medical malpractice, because Plaintiff has failed to obtain an AOM within the maximum statutory timeframe. (ECF No. 208, 209.) At an in-person status conference on February 14, 2018, Plaintiff orally requested a clarification with respect to the Court's most recent opinion granting partial summary judgment and its April 28, 2017 opinion denying summary judgment as to Defendant Terris. (ECF No. 211.) Per the Court's instruction,

2

Plaintiff submitted a letter brief, and Defendant Terris replied. (ECF Nos. 212, 213, 214.) The Court construes this request to be a motion for clarification and/or reconsideration. *See Lasser v. Reliance Standard Life Ins. Co.*, 130 F. Supp. 2d 616, 617 (D.N.J. 2001) (deciding to treat rounds of letter briefs regarding implication of court's earlier decision and its effect on scope of evidence as motion to clarify or for reconsideration).

## LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Lynch v. Tropicana Prods., Inc.*, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (internal citations omitted). Motions for reconsideration are intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Motions for clarification and reconsideration are often evaluated under the same standard. *See Lynch*, 2013 WL 4804528, at *1; *Antoine v. Rucker*, 2007 WL 789068, at *2 (D.N.J. Mar. 12, 2007). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration, pursuant to which a party must seek reconsideration within fourteen days of the entry of the order or judgment of which it seeks review. L. Civ. R. 7.1(i).

"Reconsideration is an extraordinary remedy that is granted very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted). To succeed on a motion for reconsideration, the moving party must demonstrate (1) an intervening change in controlling law; (2) the availability of new, previously unavailable evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). This type of motion is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## DISCUSSION

Plaintiff styled its letter brief to the Court as a request for "confirmation" that the common sense exception will apply in-part to Plaintiff's medical malpractice and professional negligence claims against Defendant Terris, thereby permitting these claims to move forward on limited grounds without obtaining an AOM. (Pl.'s Letter at 1, ECF No. 212.) Defendant Terris responds, arguing that the request is untimely and the Court did not overlook this distinction. (Def.'s Opp'n Letter at 1–2, ECF No. 214.) In the Court's April 28, 2017 Opinion, it discussed the common sense exception to the AOM statute, noting that without an AOM, Plaintiff may "proceed on his claim that the failure of defendants, including Dr. Terris, to provide him with the opportunity to obtain a second opinion was malpractice." (Op. at 7, ECF No. 165.) In its most recent opinion, however, the Court did not draw this distinction and dismissed the medical malpractice and negligence claims in whole.

First, Plaintiff's request for confirmation is an untimely motion for clarification. A motion may be denied solely for the reason that it was brought untimely. *Testa v. Hoban*, (D.N.J. May. 30, 2017); *see also Antoine*, 2007 WL 789068, at *2 ("[A] motion for clarification is subject to the same time restrictions as a motion for reconsideration." (internal citations omitted)). Here, the Court entered partial summary judgment in favor of Defendant Terris on January 23, 2018. Plaintiff had fourteen days—until February 6, 2018—during which to timely raise this issue. This request, however, was not brought until February 14, 2018.

Second, the request does not meet the scope or standard on a motion for clarification or reconsideration. Plaintiffs had ample opportunity to oppose Defendant Terris's original motion or make some request to the Court to apply the common sense exception. Plaintiff, however, declined to do so, even after receiving an automatic extension of time to file. (*See* ECF No.

4

203.) While the Court did previously address the common sense exception, it was not a binding decision, since that motion was denied without prejudice. In raising this issue at the February 14th status conference, Plaintiff sought clarification as to an argument or distinction that he could have raised and asked the Court to address on Defendant Terris's underlying motion. *See Cranmer v. Phila. Indem. Ins. Co.*, 2016 WL 3566728, at *3 (D.N.J. June 30, 2016) (refusing to consider arguments presented on motion for reconsideration "that should have been raised on the motion for summary judgment"); *Bowers*, 130 F. Supp. 2d at 613; *see also Wright v. SunTrust Bank, Inc.*, 2015 WL 115772, at *4 (E.D. Pa. Jan. 7, 2015) (denying motion for reconsideration of dismissal of certain counts with prejudice where plaintiff never opposed original motion and court did not need to engage in full analysis); *OCA, Inc. v. Johnstown Orthodontic Specialists, Inc.*, 2006 WL 27773493, at *3 (W.D. Pa. Sept. 25, 2006) (noting defendant requests reconsideration of a motion that it never opposed and denying reconsideration where the defendant's argument is unavailing).

Because Plaintiff fails to meet the time requirement under Rule 7.1 or standard of review under the case law in this Circuit, the Court declines to reconsider, clarify, or in any way disturb its January 23, 2018 Opinion and Order. Therefore, the grant of summary judgment for Defendant Terris on Plaintiff's medical malpractice and negligence claims, Counts I and II, remains in its entirety.

## CONCLUSION

For the reasons above, Plaintiff's request for clarification or confirmation is denied. A corresponding order will follow.

Date: 3/14/18

ANNE E. THOMPSON, U.S.D.J.

5