NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICE, INC.; RALPH WOODWARD, M.D., individually and in his official capacity; ABU AHSAN, M.D., individually and in his official capacity; DR. NUGGEN, M.D., Urologist, individually and in her official capacity; DESPINA TERRIS, M.D., Oncologist, individually and in her official capacity; SAINT FRANCIS MEDICAL CENTER; CHARLES WARREN, JR., N.J.S.P. ADMINISTRATOR, individually and in his official capacity; NEW JERSEY STATE PRISON; GARY LANIGAN, N.J.D.O.C. COMMISSIONER; NEW JERSEY DEPARTMENT OF CORRECTION; NEW JERSEY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES; JOHN AND JANE DOES 1-30, individually and in their official capacities,<br><br>　　　　　Defendants. | Civ. No. 13-1250<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon motion for partial summary judgment by Defendants Dr. Abu Ahsan, Paula Azara, R.N., and University Correctional Healthcare. (ECF No. 241). Plaintiff Agustin Garcia ("Plaintiff") opposes the motion. (ECF No. 247). The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion will be granted. Plaintiff's medical malpractice and negligence claims are dismissed with prejudice.

## BACKGROUND

This case involves medical treatment provided to Plaintiff for his prostate cancer while he was in the custody of the New Jersey Department of Corrections ("NJDOC").[1] Plaintiff raises claims for an Eighth Amendment denial of adequate medical care, negligence, and medical malpractice against Dr. Ahsan, (Def.'s Statement of Material Facts ¶¶ 15-17, ECF No. 241-1), a board-certified Internal Medicine physician who provided treatment to inmates at the infirmary at New Jersey State Prison, (*id.* ¶ 19). Plaintiff brings these same claims against Paula Azara, R.N., and University Correctional Healthcare, a registered nurse employed at New Jersey State Prison and the NJDOC's medical service provider, respectively. (*Id.* ¶¶ 14, 31).

Defendants answered the amended complaint on June 19, 2017. (ECF No. 179).[2] Defendant Ahsan filed a summary judgment motion on August 24, 2017 after Plaintiff failed to serve an affidavit of merit, N.J.S.A. 2A:53A-27. (ECF No. 188). The Court denied that motion

---

[1] This matter has a lengthy procedural history that has been summarized by the Court on many prior occasions. As the parties are familiar with the procedural history, the Court sets forth only the facts relevant to the instant motion.

[2] Defendants filed their answer after the Court denied a motion by Defendant Ahsan for summary judgment based both on Plaintiff's failure to file an affidavit of merit for the negligence and medical malpractice claims and for Plaintiff's Eighth Amendment claims. (ECF Nos. 176, 177).

2

but ordered Plaintiff to serve an affidavit of merit within 60 days of October 5, 2017. (ECF Nos. 197, 198).

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

Defendants argue that the medical malpractice and negligence claims in the amended complaint should be dismissed with prejudice for Plaintiff's failure to comply with New Jersey's affidavit of merit statute, N.J.S.A. 2A:53A-27 ("AOM statute"), and the Court's June 15, 2017

3

Opinion, (ECF No. 176 at 4). Plaintiff argues that the Court held in its April 28, 2017 opinion that the common-sense exception to the affidavit of merit requirement applies; therefore, an affidavit of merit is unnecessary under the law of the case doctrine. (ECF No. 247 at 9).

The AOM statute is a gatekeeper used "to identify and eliminate unmeritorious claims against licensed professionals and to permit meritorious claims to proceed efficiently through the litigation process." *Meehan v. Antonellis*, 141 A.2d 1162, 1170 (N.J. 2016). As the Court already indicated, "[t]he submission of an appropriate affidavit of merit is considered an element of the claim. Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice." (ECF No. 176 at 3 (citing *Meehan*, 141 A.2d at 1169)). The AOM statute is explicitly designed to avoid discovery and the rest of the litigation process if a plaintiff's claim as alleged in the complaint is meritless. *See Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2010) (noting that the federal court must apply this New Jersey statutory pleading requirement to avoid forum shopping such that illegitimate claimants could "be able to survive beyond the pleading stage and secure discovery").

The time period for filing an affidavit of merit has passed. Defendants answered the amended complaint on June 19, 2017, (ECF No. 179), and the Court has granted several extensions of time for Plaintiff to file his affidavit of merit. Plaintiff's reliance on the April 2017 opinion applying the common sense exception is misplaced. On January 23, 2018, the Court granted summary judgment on the negligence and medical malpractice claims against Despina Terris based on Plaintiff's failure to file an affidavit of merit. (ECF Nos. 208, 209). Plaintiff moved for clarification, requesting "'confirmation' that the common sense exception will apply in-part to Plaintiffs medical malpractice and professional negligence claims against Defendant Terris, thereby permitting these claims to move forward on limited grounds without obtaining an

4

AOM." (ECF No. 220 at 4). The Court denied this motion, stating that "[w]hile the Court did previously address the common sense exception, it was not a binding decision, since that motion was denied without prejudice." (*Id.* at 5).

Most importantly, the Court's October 5, 2017 opinion addressing the claims against Defendant Ahsan explicitly instructed Plaintiff to file an affidavit of merit:

> Here, Plaintiff has missed the 60-day deadline to file his affidavit of merit with respect to Defendant Ahsan, but the Court declines to find this untimely [sic] to justify judgment in favor of Defendant Ahsan with prejudice to Plaintiff at this time. Liberally construing this standard as other courts have, Plaintiff is afforded an additional 60 days to file an affidavit of merit. Although Plaintiff has not moved for an extension or made a showing of good cause for this extension, his reliance on the unclear application of the AOM statute to a multiple-defendant case is understandable. <u>Plaintiff is directed to file an affidavit of merit, consistent with this Opinion and the Court's Opinion of June 15, within sixty (60) days of the date of this Opinion and corresponding Order.</u>

(ECF No. 197 at 6-7 (emphasis added)). Plaintiff did not seek reconsideration or clarification of this order. The Court was clear and unambiguous in its direction and gave Plaintiff additional time to obtain an affidavit. Plaintiff was required to file an affidavit of merit for his negligence and medical malpractice claims against defendants. He has failed to do so in spite of having a significant period of time in which to file one.

Plaintiff has failed to comply with the Court's order to submit an affidavit of merit. New Jersey law requires now dismissal of these claims with prejudice.

## **CONCLUSION**

For the reasons stated above, summary judgment is granted on the negligence and medical malpractice claims as to the moving defendants. An accompanying Order will follow.

Date: 1/18/19

Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

5